RAÚL R. LABRADOR
ATTORNEY GENERAL

LINCOLN DAVIS WILSON, ISB #11860
Chief, Civil Litigation and
Constitutional Defense

RAFAEL J. DROZ, ISB #9934
Deputy Attorney General
Office of the Attorney General
P. O. Box 83720
Boise, ID 83720-0010
Telephone: (208) 334-2400
Fax: (208) 854-8073
lincoln.wilson@ag.idaho.gov
rafael.droz@ag.idaho.gov
*Attorneys for Defendants*

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| REBECCA ROE, by and through her parents and next friends, Rachel and Ryan Roe; SEXULAITY AND GENDER ALLIANCE, an association<br><br>*Plaintiffs,*<br><br>v.<br><br>DEBBIE CRITCHFIELD, in her official capacity as Idaho State Superintendent of Public Instruction, IDAHO STATE BOARD OF EDUCATION; LINDA CLARK, WILLIAM G. GILBERT JR., DAVID HILL, SHAWN KEOUGH, KURT LIEBICH, CALLY J. ROACH, and CINDY SIDDOWAY, in their official capacities as members of the Idaho State Board of Education, INDEPENDENT SCHOOL DISTRICT OF BOISE CITY #1; DAVE | Case No. 1:23-cv-00315-DCN<br><br>**MOTION FOR EXTENSION OF TIME TO RESPOND TO COMPLAINT AND MOTION FOR PRELIMINARY INJUNCTION** |

| |
|---|
| WAGERS, MARIA GREELEY, NANCY GREGORY, ELIZABETH LANGLEY, BETH OPPENHEIMER, SHIVA RAJBHANDAR, in their official capacities as members of the Independent School District of Boise City #1 Board of Trustees; COBY DENNIS, in his official capacity as Superintendent of Independent School District of Boise City #1,<br><br>                              *Defendants.* |

Plaintiffs filed this action Thursday, July 6, 2023. They facially challenge the constitutionality of Senate Bill 1100, Idaho's law concerning the use of bathrooms in public schools that was passed four months ago. Their preliminary injunction motion is supported by expert testimony and eight declarations comprising more than 190 pages. Because Plaintiffs have declined to agree to any extension of time for Defendants to respond, Defendants move the Court to extend their time to respond to the Complaint and Motion for Preliminary Injunction in this action to August 25, 2023.

Defendants worked diligently to reach agreement with Plaintiffs but were unsuccessful. After Plaintiffs filed this action on July 6, 2023, Defendants promptly reached out to Plaintiffs' counsel on Monday, July 10, to schedule a time to confer regarding the requested extension. The parties conferred on July 11, at which time Defendants explained their basis for requesting an extension. But Plaintiffs would not agree to any extension because they want a decision on their preliminary injunction motion before the school year begins on August 16. Whatever the reasons for Plaintiffs' delay in challenging S.B. 1100, Defendants should not be prejudiced. Nor

should the Court be forced to operate on a truncated schedule. Plaintiffs' request that the Court invalidate a law duly enacted by the people of Idaho involves some of the most challenging issues of the day. This case warrants more care, more attention, and more time, not less. Thus, the Court should grant the requested extension for the following four reasons.

*First*, additional time is warranted to ensure the complex and controversial issues in this case receive adequate briefing and support from both sides, not just from the movants. In particular, Defendants require additional time to address the voluminous record materials proffered by Plaintiffs. Their Motion for Preliminary Injunction is supported by eight declarations. Dkt. 15. The expert declaration of Stephanie L. Budge, Ph.D., is dated May 12, 2023, and contains 68 pages total, including exhibits. Twenty-eight of those pages are expert testimony that relate to gender dysphoria and transgender issues. Defendants intend to proffer expert testimony in response to Dr. Budge's assertion that there is a broad medical consensus on the treatment of gender dysphoria. Likewise, they intend to offer expert testimony to respond to the May 12, 2023, Declaration of Diana Bruce, "a consultant based in the Washington, D.C. area, focusing on gender inclusivity, diversity, and health equity in schools," regarding safety issues and the use of bathrooms and locker room facilities by students. And expert testimony will also be needed to respond to two more declarations from persons who purport to have some experience dealing with transgender issues and schools (Declarations of Foster "Trips" Jones, and Officer Morgan Ballis, M.S. E.M.).

MOTION FOR EXTENSION OF TIME TO RESPOND TO COMPLAINT AND
MOTION FOR PRELIMINARY INJUNCTION – 3

*Second*, if Plaintiffs desired an expedited decision on this matter before the commencement of the school year, they could have filed it sooner. The law was passed over four months ago, and the key expert declarations were executed almost two months ago. Had Plaintiffs filed at the time they finalized these declarations, the parties could have agreed to a briefing schedule that would allow Defendants a fair opportunity to respond. Their decision to refrain from doing so is not a ground to deprive Defendants of the time they need to prepare a response.

*Third*, Plaintiffs have not shown such a clear right to relief on the merits that would demand a hearing before the start of the school year. To the contrary, the Eleventh Circuit's leading en banc decision in *Adams v. School Board of St. John's County*, 57 F.4th 791 (11th Cir. 2022), upheld a similar law regarding the use of bathrooms under the same claims that Plaintiffs assert here. The Ninth Circuit has not addressed a law like Idaho's, and similar litigation is percolating around the country. This important issue demands more careful and close attention from courts, not less.

*Fourth*, even if the Court followed the default briefing schedule in this matter from the date this action was filed, it would not ensure a decision before the start of the next school year on August 16, 2023. Plaintiffs believe this action was served on July 7, 2023, which would mean that under the default briefing schedule, the motion would be fully briefed on Friday, August 11, 2023. Even if the Court held a preliminary injunction hearing the next court day, on August 14, it would have only one day to issue a decision that could do anything for Plaintiffs before school starts on August

16. And ensuring the implementation and enforcement of a last-minute injunction would invite more problems.

Defendants have exercised diligence in filing this motion. This is Defendants' first appearance in this action and first request for an extension. Plaintiffs have opposed this request and have asked that Defendants notify the Court that they intend to submit a prompt response to this motion before the Court rules on the request.

Defendants therefore request that the Court grant their motion to extend their time to respond to the Complaint and Motion for Preliminary Injunction in this action to August 25, 2023.

DATED: July 12, 2023.

        STATE OF IDAHO
        OFFICE OF THE ATTORNEY GENERAL

By: /s/ *Lincoln D. Wilson*
    LINCOLN DAVIS WILSON
    Chief, Civil Litigation and
    Constitutional Defense

# **CERTIFICATE OF SERVICE**

I Hereby Certify that on July 12, 2023, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which sent a Notice of Electronic Filing to the following persons:

| | |
|---|---|
| Samuel L. Linnet<br>sam@alturaslawgroup.com | Avery P. Hitchcock<br>avery.hitchcock@mto.com |
| Christina S. Paek<br>cpaek@lambdalegal.org | Jacob Max Rosen<br>max.rosen@mto.com |
| Kell L. Olson<br>kolson@labdalegal.org | Jimmy Biblarz<br>jimmy.biblarz@mto.com |
| Peter C. Renn<br>prenn@lambdalegal.org | Katherine M. Forster<br>katherine.forster@mto.com |
| Tara L. Borelli<br>tborelli@lamdalegal.org | Nicholas Sidney<br>nick.sidney@mto.com |
| Paul Martin<br>paul.martin@mto.com | Robyn K. Bacon<br>Robyn.bacom@mto.com |
| *Counsel for Plaintiffs* | *Counsel for Plaintiffs* |

    /s/ *Lincoln Davis Wilson*
Lincoln Davis Wilson
Chief, Civil Litigation and
Constitutional Defense

MOTION FOR EXTENSION OF TIME TO RESPOND TO COMPLAINT AND
MOTION FOR PRELIMINARY INJUNCTION – 6