UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF IDAHO
(For Cases Initially Assigned to District Judge)

| | | |
|---|---|---|
| Rebecca Roe | ) | Case No. 1:23−cv−00315−DCN |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | **NOTICE OF AVAILABILITY OF A UNITED STATES MAGISTRATE JUDGE AND CONSENT FORM** |
| Debbie Critchfield | ) | |
| Defendant | ) | |

_____

In accordance with 28 U.S.C. § 636(c), Fed. R. Civ. P. 73, and District of Idaho General Order No. 324, you are notified that a United States Magistrate Judge of this District Court is available to exercise the Court's jurisdiction and to conduct any or all proceedings in this case, including a jury or non−jury trial, and entry of a final judgment. Exercise of this jurisdiction by a United States Magistrate Judge is available only if all parties file a written consent, a copy of which is included in this notice.

To ensure the efficient handling of this case, counsel who desire to consent to the assignment of this case to a Magistrate Judge should return this form within 60 days of receipt to the Clerk of Court in .pdf format to consents@id.uscourts.gov. The parties also may file a joint consent, similar to a stipulation, before or after receiving this Notice. If you are a pro se litigant, you may mail this form to the following address: U.S. District Court, 550 W. Fort St. Room 400, Boise, ID 83724. The Clerk of Court will take reasonable steps to ensure voluntariness and confidentiality of the consent process. Any party may, without adverse substantive consequences, withhold consent, which will require that a District Judge enter all final orders in the case. The Clerk of Court will keep custody of all consent to proceed forms under seal until it is determined whether all parties have consented to proceed before a Magistrate Judge. If consents are not received from all parties, the case will remain with a District Judge, although it may be reassigned to another District Judge, including District Judges visiting from another District. If all parties decide to consent to have the case reassigned to a Magistrate Judge after the Rule 16.1 scheduling conference, the District Judge may decide not to permit reassignment if it would not be an appropriate use of judicial resources.

An appeal from a judgment entered by a United States Magistrate Judge will be directly to the United States Court of Appeals for the Ninth Circuit in the same manner as an appeal from any other judgment of this District Court. 28 U.S.C. § 636(c); Fed.R.Civ.P. 73.

**CONSENT TO THE EXERCISE OF JURISDICTION
BY A UNITED STATES MAGISTRATE JUDGE**

In accordance with provisions of 28 U.S.C. § 636(c) and Fed. R. Civ. P. 73, the undersigned party to this case consents to have a United States Magistrate Judge conduct any and all proceedings in this case, including the trial, and order the entry of a final judgment.

| Party Represented | Signature | Date |
|---|---|---|
| _____ | _____ | _____ |

**THE CONSENT PROCESS: WHAT IS IT?**

In accordance with 28 U.S.C. § 636(c), FRCP 73, and Local Rule 73.1, a Magistrate Judge is available to preside over all aspects of this case, including the jurisdictional authority to:

- Schedule, hear, and decide all dispositive and non−dispositive matters;
- Schedule, hear, and decide all interlocutory matters;
- Conduct jury or non−jury trials;
- Enter final orders and judgment; and
- Decide all post−trial motions.

Appeals from any final order or judgment entered by a Magistrate Judge are directly to the United States Court of Appeals for the Ninth Circuit. See 28 U.S.C. § 636(c)(3); Fed. R. Civ. P. 73(c). However, a Magistrate Judge's exercise of this jurisdiction is permitted only if all parties voluntarily consent.

**How Does It Benefit Me?**

Speedy trial rights in felony criminal cases require the District's two District Judges to give priority to trying those cases, sometimes requiring that civil trial dates be moved. Magistrate Judges do not preside over felony criminal trials. As a result, a Magistrate Judge's trial docket is generally less crowded than those of the District Judges.

Magistrate Judges usually are able to provide earlier and firmer dates for both hearings and trials than might otherwise be possible by a District Judge. Because this District is very busy and the criminal docket is growing rapidly, consenting to proceed before a Magistrate Judge often means your civil case will be resolved more quickly than if before a District Judge.

Additionally, even if parties do not consent, the District Judge to whom the matter is assigned may nonetheless refer all pre−trial proceedings to a Magistrate Judge pursuant to 28 U.S.C. § 636(b), FRCP 73, and Local Rule 72.1. For any dispositive matters so referred, the Magistrate Judge will enter a Report and Recommendation for the District Judge's consideration. At that point, the review process by a District Judge generally takes 60 days. Thus, by consenting to Magistrate Judge jurisdiction at the outset, the parties also can avoid the delays and expense of this review process, while still preserving their appeal rights.

**How Do I Consent?**

After the case is filed, the Clerk of the Court will send the appropriate notice and consent form as provided by the General Order. The consent form affords each party an initial opportunity to consent to having a Magistrate Judge assume complete jurisdiction over the case, including trial and entry of judgment. Each party should make a decision whether to consent to or decline Magistrate Judge jurisdiction as soon as possible. The parties may also file a joint consent, similar to a stipulation, at any time.

You may, without adverse substantive consequences, withhold your consent, which would preclude Magistrate Judge jurisdiction. If any party withholds consent, the identity of the parties consenting and/or withholding consent will not be communicated to any Judge.

---

1. This insert is for information purposes only and is not intended to supersede the applicable rules, including General Order No. 324, addressing the consent process.