Samuel L. Linnet (ISB No. 9788)
sam@alturaslawgroup.com
ALTURAS LAW GROUP, PLLC
101 E Bullion St., Unit 2H
Hailey, ID 83333
(208) 788-6688

Peter C. Renn*
prenn@lambdalegal.org
Kell L. Olson*†
kolson@lambdalegal.org
Tara L. Borelli*†
tborelli@lambdalegal.org
Christina S. Paek*
cpaek@lambdalegal.org
LAMBDA LEGAL DEFENSE AND
EDUCATION FUND, INC.
800 South Figueroa St., Suite 1260
Los Angeles, CA 90017
†*mailing address only*
(213) 382-7600 (T) | (213) 402-2537 (F)

Katherine M. Forster*
katherine.forster@mto.com
Robyn K. Bacon*
robyn.bacon@mto.com
Nicholas R. Sidney*
nick.sidney@mto.com
Paul Martin*
paul.martin@mto.com
Avery P. Hitchcock*
avery.hitchcock@mto.com
Jimmy P. Biblarz*
jimmy.biblarz@mto.com
MUNGER TOLLES & OLSON LLP
350 South Grand Ave., 50th Fl.
Los Angeles, CA 90071-3426
(213) 683-9100 (T) | (213) 687-3702 (F)

J. Max Rosen*
max.rosen@mto.com
MUNGER TOLLES & OLSON LLP
560 Mission Street, 27th Fl.
San Francisco, CA 94105-2907
(415) 512-4000 (T) | (415) 512-4077 (F)

*admitted *pro hac vice*

*Attorneys for Plaintiffs*

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF IDAHO**

| | |
|---|---|
| REBECCA ROE, et al.,<br><br>　　　　*Plaintiffs*,<br><br>　　v.<br><br>DEBBIE CRITCHFIELD, et al.,<br><br>　　　　*Defendants*. | Case No. 1:23-cv-00315-DCN<br><br>**Plaintiffs' Partial Opposition to Defendants' Motion For Extension of Time to Respond to Complaint and Motion For Preliminary Injunction [Dkt. 21]** |

Plaintiffs—minor transgender students in Idaho—challenge Idaho Senate Bill 1100 ("S.B. 1100"), a sweeping law that imposes a statewide ban excluding transgender people from school restrooms and other sex-designated facilities consistent with their gender identity. The Idaho Legislature passed S.B. 1100 with no evidence that inclusive policies allowing transgender people to use facilities consistent with their gender identity have caused any harm to any student. To the contrary, for at least eight years, numerous Idaho schools have had such policies and practices without any incidents of harm. Plaintiffs' school year will begin on August 16, 2023. If S.B. 1100 is not provisionally enjoined by then, it will dramatically alter the status quo and irreparably harm transgender people in Idaho, including Plaintiffs.

S.B. 1100 went into effect on July 1, 2023. Five days later, on July 6, Plaintiffs filed a Complaint in this Court alleging that the law violates the Equal Protection and Due Process Clauses of the United Constitution, as well as Title IX. That same day, Plaintiffs filed a motion for a preliminary injunction seeking to protect the status quo in Idaho that has existed for close to a decade, and immediately notified opposing counsel and provided them with the motion. *Cf. Hecox v. Little*, 479 F. Supp. 3d 930, 972 (D. Idaho 2020) ("The status quo … is the policy in Idaho prior to H.B.500's enactment."). As Defendants agree (Mot. at 4), under this District's rules, their opposition is due July 28, 2023, in time for this Court to have the opportunity to consider both parties' briefs before the start of the school year. *See* D. Idaho Loc. Civ. R. 7.1(c).

Defendants now request a total of seven weeks, up through August 25, 2023—which is after the start of school—to file their opposition. Defendants have not, and cannot, show the required "good cause" for such an extension under the local rules. D. Idaho Loc. Civ. R. 6.1.[1]

---

[1] Defendants also request an extension of time to respond to the Complaint. To the degree that extension does not delay briefing and consideration by this Court of Plaintiffs' motion for a preliminary injunction, Plaintiffs do not oppose that request.

*First*, Defendants' requested delay is unjustified in light of the imminent threat to the constitutional rights of transgender people, and their health, safety, and privacy. As detailed in the preliminary injunction motion, transgender people across Idaho face irreparable harm from the enforcement of S.B. 1100, which will not only prevent them from using facilities that align with their gender identity, but will subject them to profound stigma, physical risks, and the irreversible disclosure of their transgender status. Under the ordinary schedule provided for in the local rules, there is time for the parties to fully brief a preliminary injunction motion prior to the start of the school year, thereby providing the Court with the opportunity to rule as it deems appropriate. It was the Idaho government that chose to pass a law that will irreparably harm transgender people in clear violation of the United States Constitution. Defendants cannot cite their own inability to timely file a defense of that law to justify effectuating those very harms.[2]

Defendants wrongly presume that even under the default schedule, this Court could not act swiftly enough to issue an order before the school year begins. As a threshold matter, courts can always rule on motions, with more substantive opinions to follow thereafter. In any event, because S.B. 1100 harms the ability of students to meet basic daily needs, each additional day of delay matters. The possibility that the Court's decision may extend into the school year is no basis to guarantee further delay by extending the briefing schedule by numerous weeks.

Moreover, in the event that the Court, after reviewing the briefs, believes that more time is needed to adjudicate the preliminary injunction motion, it possesses the power to issue a temporary restraining order ("TRO") to preserve the status quo pending disposition of that

---

[2] Plaintiffs offered to stipulate to an extension if Defendants stipulated to an order preserving the status quo pending resolution of a preliminary injunction motion. Defendants did not respond to that offer.

motion. *See, e.g.*, *Oby v. Clear Recon Corp*, 2016 WL 3019455, at *1 (E.D. Cal. May 26, 2016) ("The purpose of a [TRO] is to preserve the status quo pending the complete briefing and thorough consideration contemplated by full proceedings pursuant to a preliminary injunction"). Plaintiffs have not previously moved for a TRO, as the local rules allow a preliminary injunction to be briefed in advance of the school year. But if the Court is inclined to grant Defendants' requested extension, it also has the authority to issue a TRO pending a ruling on the motion for preliminary injunction—including by construing that motion as seeking such relief, given that the standards for a TRO and a preliminary injunction are substantively identical.[3]

*Second*, Defendants cannot show good cause for more than the three weeks they are afforded under the ordinary, non-expedited briefing timeline in the district—even putting aside the risk of irreparable harm. (Mot. at 3.) This is hardly the first time Idaho has needed to defend the constitutionality of its treatment of transgender people. The government has litigated numerous other challenges that "relate to gender dysphoria and transgender issues" (*id.*) as both a factual and legal matter. *See, e.g.*, *Hecox*, 479 F. Supp. 3d 930; *Edmo v. Idaho Dep't of Corrs.*, 358 F. Supp. 3d 1103 (D. Idaho 2018); *F.V. v Barron*, 286 F. Supp. 3d 1131 (D. Idaho 2018); *Poe v. Labrador*, No. 1:23-cv-00369-CWD, Dkt. 1 (D. Idaho May 31, 2023); *M.H. v. Jeppesen*, No. 1:22-cv-00409-REP, 2023 WL 4080542, at *8 (D. Idaho Jun. 20, 2023). And Idaho was well aware that this newest law would be challenged. In S.B. 1100, the Legislature included an express finding acknowledging earlier "federal court judgments" that the Legislature pronounced as incorrectly finding similar laws unconstitutional. 33-6601(6). If Idaho cannot timely present

---

[3] Such a TRO could go into effect on August 16 and extend for 14 days, subject to extension for good cause, permitting Defendants more time to oppose a preliminary injunction without prejudicing Plaintiffs' rights. *See* Fed. R. Civ. P. 65(b) (Court may issue TRO where "specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition").

a preliminary defense of S.B. 1100, it is not because it has not had time to develop one, but because the Legislature identified no evidence in support of S.B. 1100 before passing the law.

*Third*, Defendants suggest that Plaintiffs unduly delayed bringing this case, citing the May 2023 signatory dates of two declarations. (Mot. at 3.) Defendants fail to note that the other declarations Plaintiffs provided to this Court were signed far closer to the filing date. *See, e.g.*, Dkt. No. 15-2 (Declaration of Plaintiff Rebecca Roe, signed July 2, 2023); Dkt. No. 15-4 (Declaration of A.J., signed July 2, 2023). Plaintiffs did not intentionally delay filing this case. There are challenges to identifying and preparing minor Plaintiffs who are courageous enough to bring suit against government officials who discriminate against them. *Cf. Hecox*, 479 F. Supp. 3d at 961 (noting that an adult plaintiff "bravely bec[a]me the public face of this litigation, and, in doing so, … captured the attention of local and national news"). Here, Plaintiffs filed suit only five days after S.B. 1100 went into effect, and did so in time to have a preliminary injunction fully briefed before the start of the school year under this Court's rules. It is Defendants who are asking for a modification of those rules, not Plaintiffs.[4]

*Finally*, Defendants suggest that the Court should grant them an extension because Plaintiffs do not have a "clear right to relief." (Mot. at 4.) The Court need not pre-judge the merits of this dispute to resolve this extension motion—or indeed, to that degree of certainty, in the course of resolving a motion for preliminary injunction. To demonstrate entitlement to

---

[4] In other cases, Defendants have argued that litigation cannot be brought *before* a law goes into effect. *See, e.g.*, *Hecox*, 479 F. Supp.3d at 959 n.14 ("Defendants also maintain that 'because HB 500 has not yet come into effect, all alleged harm is future harm—and Plaintiffs have not shown that the alleged injuries are certainly impending, or that there is substantial risk of harm occurring.' … Since the Act went into effect July 1, 2020, this argument is moot."); *F.V. v. Jeppesen*, 466 F. Supp. 3d 1110 (D. Idaho 2020) ("Defendants argue Plaintiffs are without standing, because … [the law] is not effective until July 1, 2020."). Had Plaintiffs filed this case earlier, Defendants would likely have raised this prematurity argument.

provisional relief, Plaintiffs need only show they are "likely to succeed on the merits," *Int'l Franchise Ass'n, Inc. v. City of Seattle*, 803 F.3d 389, 399 (9th Cir. 2015), or, alternatively, that "serious questions going to the merits [are] raised and the balance of hardships tips sharply in the plaintiff's favor," *All. for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1134-35 (9th Cir. 2011). Plaintiffs easily do so in their motion for a preliminary injunction.

To the degree relevant, however, Plaintiffs do have a clear right to relief. Defendants must show that S.B. 1100 satisfies heightened scrutiny—meaning they must identify an "exceedingly persuasive justification," *United States v. Virginia*, 518 U.S. 515, 533 (1996), "not hypothesized or invented post hoc in response to litigation," *M.H.*, 2023 WL 4080542, at *8, that is sufficient to "overcome the injury and indignity inflicted" on transgender people in Idaho. *Hecox*, 479 F. Supp. 3d at 976 (quotes omitted). But "[t]he Ninth Circuit has" already "held cisgender students do not have a legally protectable interest in excluding transgender students from single-sex spaces." *Id.* at 951 (citing *Parents for Privacy v. Barr*, 949 F.3d 1210, 1228 (9th Cir. 2020)). And, as detailed in the preliminary injunction motion, the legislative record in this case contains an "absence of any empirical evidence" justifying S.B. 1100. *Cf. id.* at 951.[5]

That lack of justification underscores the importance of prompt relief here. Plaintiffs should not suffer irreparable harm to their constitutional rights, or to their health, safety, and privacy, because Defendants cannot timely defend their own law.

---

[5] Defendants point to the Eleventh Circuit's decision in *Adams v. School Board of St. John's County*, 57 F.4th 791 (11th Cir. 2022), but they ignore the Ninth Circuit's decision in *Parents for Privacy*, as well as the majority of courts that have held that policies and laws that prohibit transgender people from using facilities consistent with their gender identity are unlawful. *See, e.g.*, *Grimm v. Gloucester Cty. Sch. Bd.*, 972 F.3d 586 (4th Cir. 2020); *Whitaker ex rel. Whitaker v. Kenosha Unified Sch. Dist. No. 1 Bd. of Educ.*, 858 F.3d 1034 (7th Cir. 2017); *Dodds v. United States Dep't of Educ.*, 845 F.3d 217, 220-22 (6th Cir. 2016) (school could not demonstrate likelihood of success in defending exclusionary restroom policy).

Dated: July 13, 2023

/s/ *J. Max Rosen*
Katherine M. Forster
Robyn K. Bacon
J. Max Rosen
Nicholas R. Sidney
Paul Martin
Avery P. Hitchcock
Jimmy P. Biblarz
MUNGER TOLLES & OLSON LLP

Respectfully Submitted,

Samuel L. Linnet
ALTURAS LAW GROUP, PLLC

Peter C. Renn
Kell L. Olson
Tara L. Borelli
Christina S. Paek
LAMBDA LEGAL DEFENSE & EDUCATION FUND

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the 13th day of July, 2023, I filed the foregoing electronically through the CM/ECF system, which caused the following parties or counsel to be served by electronic means, as more fully reflected on the Notice of Electronic Filing:

Lincoln Davis Wilson
lincoln.wilson@ag.idaho.gov

Rafael John Droz
rafael.droz@ag.idaho.gov

/s/ *J. Max Rosen*
*J. Max Rosen*