RAÚL R. LABRADOR
ATTORNEY GENERAL

LINCOLN DAVIS WILSON, ISB #11860
Chief, Civil Litigation and
Constitutional Defense

RAFAEL J. DROZ, ISB #9934
Deputy Attorney General
Office of the Attorney General
P. O. Box 83720
Boise, ID 83720-0010
Telephone: (208) 334-2400
Fax: (208) 854-8073
lincoln.wilson@ag.idaho.gov
rafael.droz@ag.idaho.gov
*Attorneys for Defendants*

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| REBECCA ROE, by and through her parents and next friends, Rachel and Ryan Roe; SEXULAITY AND GENDER ALLIANCE, an association<br><br>*Plaintiffs,*<br><br>v.<br><br>DEBBIE CRITCHFIELD, in her official capacity as Idaho State Superintendent of Public Instruction, et al.,<br><br>*Defendants.* | Case No. 1:23-cv-00315-DCN<br><br>**REPLY IN FURTHER SUPPORT OF MOTION FOR EXTENSION OF TIME [Dkt. 25]** |

Nothing in Plaintiffs' opposition rebuts Defendants' showing of good cause for an extension of time to answer and oppose Plaintiffs' motion for a preliminary injunction. Plaintiff Rebecca Roe, a student with gender dysphoria, seeks an injunction to

**REPLY IN FURTHER SUPPORT OF MOTION FOR EXTENSION OF TIME [Dkt. 25]** – 1

overturn S.B. 1100, which requires students in public schools to use the locker room and bathroom corresponding to their sex. Rebecca Roe was born a male but would like this Court to order public schools to allow transgender students to use the locker room and bathroom of their choice. These serious claims would overturn long-held notions of sexual privacy, especially for minor students, and are unfit for the rapid decision Plaintiffs seek. These claims warrant more time and attention, not less.

*First*, Plaintiffs do not and cannot dispute that this case raises important, complex, and highly contentious medical and related issues that require expert testimony. The first point heading of their background section states that "A Vast Medical Consensus Recognizes That Transgender People Must Be Allowed to Live in a Manner Consistent With Their Gender Identity in All Aspects of Life." Dkt. 15-1 at 2. Defendants firmly dispute that claim, which rests almost entirely on the Declaration of Dr. Stephanie Budge, who relies in turn on standards of care promulgated by WPATH.[1] Defendants intend to rebut the declaration of Dr. Budge with their own expert evidence and to take third-party discovery regarding WPATH, but they reasonably require more than 21 days to do so. In fact, in the related *Poe v. Labrador* action, 1:23-cv-00269-CWD, which also involves a law concerning minors with gender dysphoria, the parties have stipulated to the same 45-day response timeframe that Plaintiffs oppose here. And while Defendants understand that Plaintiffs' counsel may have been able to prepare Dr. Budge's report for this lawsuit in May 2023 before they

---

[1] WPATH is not the first and last word on the question (*cf., e.g.*, the Society for Evidence-Based Gender Medicine).

**REPLY IN FURTHER SUPPORT OF MOTION FOR EXTENSION OF TIME [Dkt. 25]** – 2

were able to identify a client, that fact cannot be used to prejudice the State's defense of allegations filed little more than a week ago. The opposite is true and supports Defendants' requested extension. Out-of-state Plaintiffs' counsel's eagerness to sue Idaho over this issue was apparently not met with equal urgency and concern by in-state residents, which undermines the claim of exigency and irreparable harm. The science of treating minors with gender dysphoria is not settled in the manner Plaintiffs suggest, and the Court should allow the time needed to get it right.

*Second*, the law is not settled on this question either. While Plaintiffs cite various decisions that have overturned laws requiring sex-segregated restrooms, other more recent decisions—including the Eleventh Circuit en banc—have upheld such laws. *See Adams v. Sch. Bd. of St. John's Cnty.*, 57 F.4th 791 (2022) (en banc); *D.H. by A.H. v. Williamson Cnty. Bd. of Educ.*, No. 3:22-cv-00570, 2022 WL 16639994 (M.D. Tenn. 2022). Nor has the Ninth Circuit addressed the question: its decision in *Parents for Privacy v. Barr*, 949 F.3d 1210 (2020), did not involve a challenge to a sex-segregated restroom law, but rather affirmed dismissal of parents' constitutional challenges to an Oregon public school district's policy that allowed persons with gender dysphoria to use the restroom of their choice. *Id.* at 1226–40. The fact that the Ninth Circuit made room for a school district's policy choice in one direction is not evidence that it would enjoin the state of Idaho's policy choice if it goes the other direction.

*Third*, and finally, Plaintiffs have not shown any urgent need for a decision before the schoolyear starts. A preliminary injunction on Plaintiffs' facial challenge

**REPLY IN FURTHER SUPPORT OF MOTION FOR EXTENSION OF TIME [Dkt. 25]** – 3

to the law would alter the status quo, not maintain it. The vast majority of Idaho students and parents have now come to expect that boys will be using the boys' bathroom and girls will be using the girls' bathroom. And other measures are available to address any alleged interim harm to Plaintiff Roe at the start of the schoolyear. The principal harm identified by Plaintiffs is the "disclosure of physical features that likely exacerbate the painful experience of gender dysphoria," based on which they stress the "heightened importance" of "protecting privacy." Dkt. 15-1 at 20. But the easiest way to avoid any such stigma from using the men's room is to use a unisex restroom at the Boise Schools. Doing so is a "reasonable accommodation" permitted by the statute, *see* Idaho Code § 33-6605, and would avoid any irreparable harm to Plaintiff Roe and preserve the status quo of sexual privacy in public restrooms. Plaintiffs do not allege that there are no unisex bathrooms.

The Court should therefore grant the requested extension.

DATED: July 17, 2023.

>STATE OF IDAHO
>OFFICE OF THE ATTORNEY GENERAL
>
>By: /s/ *Lincoln D. Wilson*
>LINCOLN DAVIS WILSON
>Chief, Civil Litigation and
>Constitutional Defense

**REPLY IN FURTHER SUPPORT OF MOTION FOR EXTENSION OF TIME [Dkt. 25]** – 4

## CERTIFICATE OF SERVICE

I Hereby Certify that on July 17, 2023, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which sent a Notice of Electronic Filing to the following persons:

| | |
|---|---|
| Samuel L. Linnet<br>sam@alturaslawgroup.com | Avery P. Hitchcock<br>avery.hitchcock@mto.com |
| Christina S. Paek<br>cpaek@lambdalegal.org | Jacob Max Rosen<br>max.rosen@mto.com |
| Kell L. Olson<br>kolson@labdalegal.org | Jimmy Biblarz<br>jimmy.biblarz@mto.com |
| Peter C. Renn<br>prenn@lambdalegal.org | Katherine M. Forster<br>katherine.forster@mto.com |
| Tara L. Borelli<br>tborelli@lamdalegal.org | Nicholas Sidney<br>nick.sidney@mto.com |
| Paul Martin<br>paul.martin@mto.com | Robyn K. Bacon<br>Robyn.bacom@mto.com |
| *Counsel for Plaintiffs* | *Counsel for Plaintiffs* |

    /s/ *Lincoln Davis Wilson*
Lincoln Davis Wilson
Chief, Civil Litigation and
Constitutional Defense

**Reply In Further Support Of Motion For Extension Of Time [Dkt. 25]** – 5