UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| REBECCA ROE, by and through her parents and next friends Rachel and Ryan Roe, SEXUALITY AND GENDER ALLIANCE, an association,<br><br>    Plaintiffs,<br><br>    v.<br><br>DEBBIE CRITCHFIELD, in her official capacity as Idaho State Superintendent of Public Instruction, et. al.,<br><br>    Respondent. | Case No. 1:23-cv-00315-DCN<br><br>**ORDER** |

## I. INTRODUCTION AND BACKGROUND

On July 6, 2023, Plaintiffs filed the above-entitled civil rights action. Dkt. 1. Contemporaneously, Plaintiffs filed a Motion to Proceed Anonymously (Dkt. 13) and a Motion for Preliminary Injunction (Dkt. 15) ("PI Motion").

In this suit, Plaintiffs challenge Idaho Senate Bill 1100 ("S.B. 1100"). SB 1100 was adopted on March 22, 2023, and—as with most bills in Idaho—took effect on July 1, 2023. SB 1100 requires, among other things, that students in public schools in Idaho use the bathroom or locker room that corresponds with his or her biological sex, i.e. the person's sex assigned at birth. Plaintiffs allege this law is unconstitutional and disproportionately harms students who identify as transgender.

Defendants appeared in this action on July 11, 2023. Dkts. 19, 20. The following

day, July 12, 2023, Defendants filed a Motion for Extension. Dkt. 21. Therein, Defendants seek a four-week extension to the current briefing schedule in which to respond to the PI Motion. *See generally id.*

Because the Court's standard briefing schedule would have overlapped the timelines relevant to the underlying PI Motion, the Court expedited briefing on the Motion for Extension. Dkt. 22. Plaintiffs timely filed their opposition to Defendants' request (Dkt. 25) and Defendants dutifully replied (Dkt. 27).

Thereafter, Defendants filed a Motion for Leave to File Supplemental Information. Dkt. 28. The Court summarily granted the motion and indicated it would give the information the weight it deemed appropriate as part of the broader request for extension. Dkt. 29. Plaintiffs responded, as the Court suggested they could, to memorialize their position. Dkt. 30.

Upon review, and for the reasons explained below, the Court will GRANT IN PART and DENY IN PART Defendants' Motion for Extension.

## II. ANALYSIS

Local Civil Rule 7.1 outlines the general timelines for briefing in the District of Idaho. In accordance with that rule, Defendants' response to Plaintiffs' PI Motion—filed on July 6, 2023—would be due on or before July 27, 2023. Plaintiffs' reply would be due on August 10, 2023.

In their Motion, Defendants suggest four reasons justify an extension in this case. Plaintiffs refute each of those reasons. The Court will briefly review each argument.

ORDER – 2

First, Defendants contend this case is complex and raises important constitutional issues and, as a result, they will need more time to respond to the voluminous record Plaintiffs supplied in support of their PI Motion. Plaintiffs do not dispute that this case is complex, but assert the associated harms with SB 1100 need to be addressed as expeditiously as possible, and preferably before the 2023-2024 school year begins on August 16, 2023.

Second, Defendants argue Plaintiffs should have filed the case sooner and that, had they done so, there would have been ample time for both sides to fully brief the issues before August 16, 2023. Plaintiffs counter that they filed this suit a mere five days after the law took effect and that, had they filed before the law went into effect, Defendants may have argued they lacked standing (as Defendants have argued in other cases challenging new Idaho laws).

Defendants third argument is that, despite Plaintiffs' contentions in their PI Motion, this area of law is not well-settled. Citing to a decision from the Eleventh Circuit in which a "bathroom bill" was upheld, Defendants contend this important and disputed area of law requires careful attention and a short extension furthers that goal. For their part, Plaintiffs disagree with Defendants' reliance on the Eleventh Circuit case and cite cases of their own.

Fourth, and finally, Defendants assert that even if the Court were to keep the standard briefing schedule, it would not be able to achieve Plaintiffs' goal of resolving this matter before August 16, 2023, because of the Court's schedule and the overall timing. Plaintiffs counter that the Court has various options at its disposal to resolve this matter prior to August 16, 2023.

ORDER – 3

Given the expedited nature of the instant Motion, the Court will not dissect each argument and counterargument in great detail. Nor will it address arguments related to existing caselaw, which are applicable to the merits of this case but not to Defendants' request for an extension. Ultimately, both sides are persuasive in their respective positions. The Court agrees this case is complex and that the issues are important. The Court agrees the suit *could* have been filed sooner but understands why it was not. The Court agrees that it *could* take certain actions to speed the process up, but it will not do so sua sponte, and, in any event, is concerned its calendar would not allow for a decision before August 16, 2023, regardless of when briefing is complete. The Court understands the harms Plaintiffs outline are very real and personal to them.

The Court's primary concern, however, is providing both sides, and itself, adequate time to fairly adjudicate this matter. The Court consistently strives to achieve the "just, speedy, and inexpensive determination of every action and proceeding." *See* Fed. R. Civ. P. 1. This mandate is especially important in cases, such as this, which are of constitutional importance and have a direct impact on individual citizens, particularly minors. However, speed is not only measured in time. To resolve the PI Motion justly and equitably, the Court agrees some additional time is necessary.

Plaintiffs' Complaint is 44 pages, their PI Motion (with supporting documents) is over 200 pages. The issues here are weighty, and the Court would like as much information as possible before it makes this preliminary, yet critical, decision.

Defendants seek an extension until August 25, 2023. The Court's calendar is such

ORDER – 4

that its first available hearing date is September 13, 2023, at 9:00am.[1] In order to provide the Court adequate time to review all the materials, and to allow Plaintiffs a short extension of the standard briefing schedule consistent with its extension for Defendants, the Court will extend the deadlines as follows:

Defendants' response to the PI Motion will be due on or before August 18, 2023. Plaintiffs reply will be due on or before September 6, 2023.[2]

### III. ORDER

1. The Motion for Extension (Dkt. 21) is GRANTED in PART and DENIED in PART as outlined above.

DATED: July 20, 2023

David C. Nye
Chief U.S. District Court Judge

---

[1] At this juncture the Court *does not* intend for this to be an evidentiary hearing. Each side will be allotted 30 min for oral argument.

[2] Defendants also ask for an extension to respond to the Complaint. Dkt. 21, at 2. Plaintiffs indicate they do not oppose the request so long as it does not interfere with the Court's consideration of the PI Motion. Dkt. 25, at 2 n.2. Considering the Court's decision today on the briefing for the PI Motion, it will likewise extend Defendants' time to file their Answer until August 18, 2023. Neither party addressed the pending Motion to Proceed Anonymously (Dkt. 13) yet. The deadlines as to that Motion remain as originally ordered.