Samuel L. Linnet (ISB No. 9788)
sam@alturaslawgroup.com
ALTURAS LAW GROUP, PLLC
101 E Bullion St., Unit 2H
Hailey, ID 83333
(208) 788-6688

Peter C. Renn*
prenn@lambdalegal.org
Kell L. Olson*†
kolson@lambdalegal.org
Tara L. Borelli*†
tborelli@lambdalegal.org
LAMBDA LEGAL DEFENSE AND
EDUCATION FUND, INC.
800 South Figueroa St., Suite 1260
Los Angeles, CA 90017
†*mailing address only*
(213) 382-7600 (T) | (213) 402-2537 (F)

*Admitted *pro hac vice*

*Attorneys for Plaintiffs*

Katherine M. Forster*
katherine.forster@mto.com
Robyn K. Bacon*
robyn.bacon@mto.com
Nicholas R. Sidney*
nick.sidney@mto.com
Paul Martin*
paul.martin@mto.com
Avery P. Hitchcock*
avery.hitchcock@mto.com
Jimmy P. Biblarz*
jimmy.biblarz@mto.com
MUNGER TOLLES & OLSON LLP
350 South Grand Ave., 50th Fl.
Los Angeles, CA 90071-3426
(213) 683-9100 (T) | (213) 687-3702 (F)

J. Max Rosen*
max.rosen@mto.com
MUNGER TOLLES & OLSON LLP
560 Mission Street, 27th Fl.
San Francisco, CA 94105-2907
(415) 512-4000 (T) | (415) 512-4077 (F)

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF IDAHO**

| | |
|---|---|
| REBECCA ROE, et al.,<br><br>    *Plaintiffs*,<br><br>v.<br><br>DEBBIE CRITCHFIELD, et al.,<br><br>    *Defendants*. | Case No. 1:23-cv-00315-DCN<br><br>**Plaintiffs' Opposition to Defendants' Motion for Leave to File Supplemental Authority [Dkt. 55]** |

Plaintiffs respectfully oppose Defendants' motion for leave to file supplemental authority. Dkt. 55 ("Mot."). *L.W. v. Skrmetti*, -- F.4th --, 2023 WL 6321688 (6th Cir. 2023), is an out-of-circuit, 2-1 opinion concerning hormones and puberty blockers; for numerous reasons,

1

it is not relevant to the motions pending before this Court.[1]

As an initial matter, the subject matter of *L.W.* is not relevant to this case. *L.W.* was about specific medical treatments—not the use of school facilities—and its decision is tied to those facts. Indeed, *L.W.* did not and could not have overruled existing Sixth Circuit precedent holding that a transgender girl was likely to succeed in showing that her exclusion from the girl's restroom at school was unlawful sex discrimination. *Dodds v. United States Dep't of Educ.*, 845 F.3d 217, 221 (6th Cir. 2016) (per curiam). In contrast to *L.W.*, this case is not about whether hormones or puberty blockers may be provided to transgender youth but whether such youth—who are already living in a manner consistent with their gender identity and will continue to do so regardless of S.B. 1100—can be categorically excluded from facilities matching their gender identity.

Despite this lack of relevance, Defendants identify three aspects of *L.W.* that they claim support their arguments. Each of these arguments is irreconcilable with Ninth Circuit authority.

First, Defendants cite *L.W.* to again assert that the historic, "original fixed meaning" of the Equal Protection Clause defeats Plaintiffs' claim. Mot. at 2; *see* Dkt. 48 (Defs.' Opp. to Preliminary Injunction) at 14. *L.W.* implied that both due process *and* equal protection may be limited by their "original fixed meaning." 2023 WL 6321688 at *5. But the Ninth Circuit *rejected* that argument as applied to equal protection when the same Defendants in this case made it in *Hecox*: "the ratifiers of the Fourteenth Amendment would certainly not have understood the Act's definition of 'biological sex'" especially since chromosomes had not yet

---

[1] *See Seraphin v. SBC Internet Servs., Inc.*, No. CV 09-131-S-REB, 2010 WL 1326820, at *5 n.5 (D. Idaho Mar. 29, 2010) (denying motion for leave to file supplemental authority where authority "add[ed] nothing novel" to issues under consideration); *Ace Black Ranches, LLP v. United States Env't Prot. Agency*, 583 F. Supp. 3d 1313, 1334 (D. Idaho 2022) (denying motion for leave to file supplemental information where information not relevant).

been discovered. *Hecox v. Little*, 79 F.4th 1009, 1023 n.8 (9th Cir. 2023). *Hecox* rejected any argument "that because transgender people were marginalized in 1868, they should be afforded no constitutional protections on the basis of their transgender status," which would also "undermine decades of Supreme Court precedent" invalidating sex-based discrimination. *Id.*

Second, Defendants cite *L.W.* for the proposition that heightened scrutiny need not apply to S.B. 1100. Mot. at 3. But Defendants have already *conceded* that heightened scrutiny applies. Dkt. 48 (Defs.' Opp. to Preliminary Injunction) at 6 ("S.B. 1100 is subject to intermediate scrutiny because it classifies based on sex"); Dkt. 50 (Pls.' Reply) at 3-4. *L.W.*'s conclusion as to the level of scrutiny in that case was bound up with its specific analysis of medical treatments. 2023 WL 6321688, at *14. And in any event, any argument that heightened scrutiny does not apply here is foreclosed by Ninth Circuit precedent. The Supreme Court has repeatedly and unambiguously held that "'all gender-based classifications today' warrant 'heightened scrutiny.'" *United States v. Virginia*, 518 U.S. 515, 555 (1996). The Ninth Circuit has taken that language at face value—that "all" means "all"—and faithfully applied it, including to gender-based classifications causing injury to transgender people. *Hecox*, 79 F.4th at 1021 (quoting *Virginia*, 518 U.S. at 555). That is also why Plaintiffs are entitled to preliminary relief *regardless* of how "sex" is defined: All roads for "all gender-based classifications" causing harm invariably lead back to heightened scrutiny.

Furthermore, *L.W.* also reached its conclusion as to heightened scrutiny by holding that transgender people do not constitute a suspect or quasi-suspect class, on the basis that such a ruling could stifle the "arena of public debate" over the rights of transgender people. 2023 WL 6321688, at *18. But again, the Ninth Circuit has held, to the contrary, that transgender people do constitute a quasi-suspect class. *Karnoski v. Trump*, 926 F.3d 1180, 1200-01 (9th Cir. 2019).

*L.W.*, to the degree relevant, actually confirms the importance of that holding: *L.W.* suggested that finding transgender people to be a suspect or quasi-suspect class would have necessary implications for, *inter alia*, "other areas of regulation that affect transgender individuals," including "[b]athrooms." 2023 WL 6321688, at *18.

Finally, Defendants argue that this Court should rely on *L.W.*'s analysis of *Bostock*. Mot. at 3. *L.W.* held that *Bostock* must be limited to the Title VII context. 2023 WL 6321688, at *16-17. But the Ninth Circuit has again held to the contrary, applying *Bostock* to equal protection as well as Title IX claims. *Hecox*, 79 F.4th at 1026 (relying on *Bostock* for equal protection analysis); *Grabowski v. Ariz. Bd. of Regents*, 69 F.4th 1110, 1116 (9th Cir. 2023) (Title IX). Defendants further assert that *Bostock* purportedly did not ban sex discrimination if it is based on biology. Mot. at 3. But that is contrary to *Bostock*'s holding, and the Ninth Circuit rejected Idaho's biology-based defense of its sports ban in *Hecox*, including because more tailored means could achieve the government's objectives—without the categorical exclusion of transgender females. *Hecox*, 79 F.4th at 1033. The same is true here for the government's visual privacy interest, Dkt. 48 at 8, which other measures, such as stall doors and curtains, can plainly address—without a categorical ban on transgender students.

In other words, the aspects of *L.W.* on which Defendants rely confirm that, in the *Ninth Circuit*, Plaintiffs are likely to succeed and their motion for an injunction should be granted.

Dated: October 4, 2023                              Respectfully Submitted,

| | |
|---|---|
| Katherine M. Forster | /s/ Peter C. Renn |
| Robyn K. Bacon | Peter C. Renn |
| J. Max Rosen | Kell L. Olson |
| Nicholas R. Sidney | Tara L. Borelli |
| Paul Martin | LAMBDA LEGAL DEFENSE & EDUCATION FUND |
| Avery P. Hitchcock | |
| Jimmy P. Biblarz | Samuel L. Linnet |
| MUNGER TOLLES & OLSON LLP | ALTURAS LAW GROUP, PLLC |

## CERTIFICATE OF SERVICE

     I HEREBY CERTIFY that on the 4th day of October, 2023, I filed the foregoing electronically through the CM/ECF system, which caused the following parties or counsel to be served by electronic means, as more fully reflected on the Notice of Electronic Filing:

Lincoln Davis Wilson
lincoln.wilson@ag.idaho.gov

Rafael John Droz
rafael.droz@ag.idaho.gov

                                          /s/ Peter C. Renn
                                          Peter C. Renn