RAÚL R. LABRADOR
ATTORNEY GENERAL

LINCOLN DAVIS WILSON, ISB #11860
Chief, Civil Litigation and
Constitutional Defense

JAMES E. M. CRAIG, ISB #6365
Deputy Division Chief
RAFAEL J. DROZ, ISB #9934
Deputy Attorneys General
Office of the Attorney General
P. O. Box 83720
Boise, ID  83720-0010
Telephone: (208) 334-2400
Fax: (208) 854-8073
lincoln.wilson@ag.idaho.gov
james.craig@ag.idaho.gov
rafael.droz@ag.idaho.gov

*Attorneys for Defendants*

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF IDAHO**

| | |
|---|---|
| REBECCA ROE, by and through her parents and next friends, et al.<br><br>*Plaintiffs,*<br><br>v.<br><br>DEBBIE CRITCHFIELD, in her official capacity as Idaho State Superintendent of Public Instruction, et al.<br><br>*Defendants.* | Case No. 1:23-cv-00315-DCN<br><br>**REPLY IN SUPPORT OF MOTION FOR LEAVE TO FILE SUPPLEMENTAL AUTHORITY** |

Plaintiffs would have the Court believe that Ninth Circuit precedent precludes the Court from following the analysis of the Sixth Circuit in *L.W. v. Skrmetti*, ___ F.4th ___, 2023 WL 6321688 (6th Cir. 2023), and denying their motion for preliminary injunction. They are wrong.

*First*, Plaintiffs say the Ninth Circuit in *Hecox* "*rejected* the argument" from *L.W.* that the Court's analysis must be guided by the "'original fixed meaning'" of the Constitution. Dkt. 56 at 2 (quoting *L.W.*, 2023 WL 6321688, at *5). But the Ninth Circuit's discussion of that point in *Hecox* (as to which the State seeks en banc review) applies only to that case, not to this one, much less to the ample historical record of sex-separated restrooms. *Cf. Adams by and through Kasper v. Sch. Bd. St. John's Cnty.*, 57 F.4th 791, 803 n.5 (11th Cir. 2022) (en banc). In all other cases, this Court is bound by the Supreme Court of the United States, which interprets the Constitution according to its original fixed meaning. *Dobbs v. Jackson Women's Health Org.*, 597 U.S. ___, 142 S. Ct. 2228 (2022); *N.Y. State Rifle & Pistol Ass'n, Inc. v. Bruen*, 597 U.S. ___, 142 S. Ct. 2111 (2022).

*Second*, Plaintiffs say they "are entitled to preliminary relief regardless of how 'sex' is defined." Dkt. 56 at 3. But their counsel conceded the opposite at oral argument in response to a direct question of the Court. Indeed, Dr. Budge's unsourced dogma that an individual's subjective "gender identity" is "determinative" of sex is the very foundation of Plaintiffs' claims. Dkt. 15-1 at 2-3 (citing Budge Decl. ¶ 25); *see also* Dkt. 51 at 2–3 (collecting Plaintiffs' allegations about gender-affirming care). And it is contrary to basic science, including "the definitions of sex from the

Endocrine Society, the American Academy of Pediatrics, and the American Psychiatric Association," which all "explicitly define sex solely in terms of biological features, excluding gender identity." Cantor Decl. ¶ 112.

*Third*, Plaintiffs characterize Defendants as arguing that *Bostock v. Clayton Cnty., Ga.,* 590 U.S. ___, 140 S. Ct. 1731 (2020) "did not ban sex discrimination if it is based on biology." Dkt. 56 at 4. That is not at all what Defendants or the Sixth Circuit said. Rather, as *L.W.* explained, *Bostock*'s holding that Title VII bars employers from firing "adult employees because their behavior did not match stereotypes of how adult men or women dress or behave," is entirely different from the law here (and in *L.W.*) which does "not deny anyone general healthcare treatment based on any such stereotypes." 2023 WL 6321688, at *17. And once again, the fact that the Ninth Circuit has applied *Bostock*'s principles to Title IX is not helpful to Plaintiffs: *Bostock* also defined sex as referring "to biological distinctions between male and female," 140 S. Ct. at 1739, and the Ninth Circuit has held that "Title IX authorizes sex-segregated facilities … based … on biological sex.'" *Parents for Privacy v. Barr*, 949 F.3d 1210, 1227 (9th Cir. 2020).

For many of the same reasons as in *L.W.*, basic standards of the Supreme Court's equal protection jurisprudence prevent Plaintiffs from succeeding on the merits. And nothing the Ninth Circuit has previously held requires holding otherwise. The court should grant leave to file supplemental authority, deny Plaintiffs' motion for preliminary injunction, and dismiss this case.

DATED: October 6, 2023.

        STATE OF IDAHO
        OFFICE OF THE ATTORNEY GENERAL

    By: /s/ *Lincoln Davis Wilson*
        LINCOLN DAVIS WILSON
        Chief, Civil Litigation and
        Constitutional Defense

REPLY IN SUPPORT OF MOTION FOR LEAVE TO FILE SUPPLEMENTAL AUTHORITY – 4

## **CERTIFICATE OF SERVICE**

I Hereby Certify that on October 6, 2023, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which sent a Notice of Electronic Filing to the following persons:

| | |
|---|---|
| Samuel L. Linnet<br>sam@alturaslawgroup.com | Avery P. Hitchcock<br>avery.hitchcock@mto.com |
| Christina S. Paek<br>cpaek@lambdalegal.org | Jacob Max Rosen<br>max.rosen@mto.com |
| Kell L. Olson<br>kolson@lambdalegal.org | Jimmy Biblarz<br>jimmy.biblarz@mto.com |
| Peter C. Renn<br>prenn@lambdalegal.org | Katherine M. Forster<br>katherine.forster@mto.com |
| Tara L. Borelli<br>tborelli@lamdalegal.org | Nicholas Sidney<br>nick.sidney@mto.com |
| Paul Martin<br>paul.martin@mto.com | Robyn K. Bacon<br>robyn.bacom@mto.com |
| *Counsel for Plaintiffs* | *Counsel for Plaintiffs* |

　　　　　　　　　　　　　　　　　　/s/ *Lincoln Davis Wilson*
　　　　　　　　　　　　　　　　　Lincoln Davis Wilson
　　　　　　　　　　　　　　　　　Chief, Civil Litigation and
　　　　　　　　　　　　　　　　　Constitutional Defense