RAÚL R. LABRADOR
ATTORNEY GENERAL

JAMES E. M. CRAIG, ISB #6365
Acting Division Chief, Civil Litigation
and Constitutional Defense

JAMES E. "JIM" RICE, ISB #6511
Deputy Attorney General
Office of the Attorney General
P. O. Box 83720
Boise, ID 83720-0010
Telephone: (208) 334-2400
Facsimile: (208) 854-8073
james.craig@ag.idaho.gov
jim.rice@ag.idaho.gov

*Attorneys for Defendants*

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| REBECCA ROE, *et al.* <br><br> *Plaintiffs,* <br><br> v. <br><br> DEBBIE CRITCHFIELD, in her official capacity as Idaho State Superintendent of Public Instruction, *et al.* <br><br> *Defendants.* | Case No. 1:23-cv-00315-DCN <br><br> **DEFENDANTS' ANSWER TO COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF** |

Defendants Debbie Critchfield, Idaho State Board of Education ("SBOE"),

Linda Clark, William G. Gilbert, Jr., David Hill, Shawn Keough, Kurt Liebich, Cally

J. Roach, Cindy Siddoway, Independent School District of Boise City #1, Dave

Wagers, Maria Greeley, Nancy Gregory, Elizabeth Langley, Beth Oppenheimer,

Shiva Rajbhandari, and Coby Dennis (collectively "Defendants"), by and through undersigned counsel, hereby submit their Answer to Complaint for Declaratory and Injunctive Relief (Dkt. 1) ("Complaint") as follows:

## GENERAL RESPONSE

Unless specifically admitted herein, Defendants deny each and every allegation, claim, and request for relief contained in the Complaint.

## SPECIFIC RESPONSES

1.    The allegations set forth in paragraph 1 of the Complaint reference Senate Bill ("S.B.") 1100, which speaks for itself and does not require a response. To the extent a response is required, Defendants deny Idaho S.B. 1100 harms any person, denies that it violates the United States Constitution, and deny that it violates Title IX of the Education Amendments of 1972.   Defendants deny the remaining allegations in paragraph 1.

2.    The allegations set forth in paragraph 2 of the Complaint reference Senate Bill ("S.B.") 1100, which speaks for itself and does not require a response. To the extent a response is required, Defendants deny the allegations in paragraph 2.

3.    The allegations set forth in paragraph 3 of the Complaint reference Senate Bill ("S.B.") 1100, which speaks for itself and does not require a response. To the extent a response is required, Defendants deny the allegations in paragraph 3.

4.    Defendants deny the allegations in paragraph 4.

5.     To the extent the allegations in paragraph 5 refer to the legislative record, Defendants admit the existence of the legislative record as publicly available, and avers that the record speaks for itself.   Defendants deny the remaining allegations in paragraph 5.

6.     To the extent the allegations in paragraph 6 refer to the legislative record, Defendants admit the existence of the legislative record as publicly available, and avers that the record speaks for itself.   Defendants deny the remaining allegations in paragraph 6.

7.     Defendants deny the allegations in paragraph 7.

8.     Defendants admit that Plaintiffs seek preliminary and permanent injunctive relief, declaratory relief, and nominal damages, but deny the Defendants acted unlawfully or wrongfully and deny that Plaintiffs are entitled to the requested relief.

**JURISDICTION AND VENUE**

9.     Defendants admit that Plaintiffs have filed a claim under 42 U.S.C. § 1983, but deny that Plaintiffs are entitled to relief, and deny Defendants acted unlawfully or wrongfully.

10.     Defendants deny that this Court has subject matter jurisdiction.

11.     In response to the allegations in paragraph 11 of the Complaint, Defendants do not contest venue, however Defendants deny that the Court has subject matter jurisdiction, and deny all allegations of wrongdoing or wrongful acts by Defendants.

## PARTIES

12.     Defendants are without sufficient information or knowledge to admit or deny the allegations set forth in paragraph 12 of the Complaint, and therefore deny those allegations.

13.     Defendants are without sufficient information or knowledge to admit or deny the allegations set forth in paragraph 13 of the Complaint, and therefore deny those allegations.

14.     Defendants admit the allegations in paragraph 14 that Defendant Debbie Critchfield is Superintendent of Public Instruction in Idaho.  Defendants admit that the duties of the Superintendent of Public Instruction are set forth in the Idaho Constitution and Idaho Statutes and avers that Idaho law speaks for itself. Defendants deny that Superintendent Critchfield is a person within the meaning of 42 U.S.C. § 1983.  Defendants admit that she acts under color of state law in pursuing her duties as Superintendent of Public Instruction.  Defendants admit that Superintendent Critchfield resides in Idaho.  Defendants admit that she is sued in her official capacity only.

15.     Defendants admit the allegations in paragraph 15 that the Idaho State Board of Education (SBOE) was created by Article IX, Section 2 of the Idaho Constitution, which vests the "general supervision of the state educational institutions and public school system of the state of Idaho" to the SBOE.  Defendants deny that the SBOE is "Idaho's single governing body for public kindergarten through college education."  Defendants admit that the powers and duties of the SBOE are set

forth in the Idaho Constitution and Idaho statutes, and avers that the constitution and statutes speak for themselves. Defendants admit that the SBOE is the state educational agency which is authorized to accept federal financial assistance.

16.    Defendants admit the allegations set forth in paragraph 16 naming the individual members of the State Board of Education. Defendants admit that the powers and duties of the SBOE are set forth in the Idaho Constitution and Idaho statutes, and aver that the constitution and statutes speak for themselves. Defendants deny that the individual members of the SBOE are persons within the meaning of 42 U.S.C. § 1983. Defendants admit that the members of the SBOE act under color of state law when performing their duties as members of the SBOE. Defendants admit that the individual members all reside in Idaho and are sued in their official capacities. Defendants admit that certain public schools within Idaho are education programs which receive federal financial assistance. Defendants deny the remaining allegations in paragraph 16.

17.    Defendants admit the allegations set forth in paragraph 17 of the Complaint.

18.    Defendants admit the allegations set forth in paragraph 18 of the Complaint related to naming the individual members of the Boise School District's Board of Trustees. Defendants admit that the powers and duties of the Boise School District's Board of Trustees are set forth in Idaho law and aver that Idaho law speaks for itself. Defendants deny that the Board of Trustees' members are persons within the meaning of 42 U.S.C. § 1983. Defendants admit that the individual members of

the Board of Trustees act under color of state law when acting pursuant to their duties as members of the Board of Trustees.  Defendants admit that all individual members reside in Idaho and are sued in their official capacities.  Defendants admit that the Boise School District is an education program receiving federal financial assistance.

19.   Defendants admit that Coby Dennis is the Superintendent of the Boise School District.   Defendants admit that Superintendent Dennis's duties as Superintendent are set forth in Idaho law and the policies of the Boise School District and aver that the law and policies speak for themselves.  Defendants deny that Superintendent Dennis is a person within the meaning of 42 U.S.C. § 1983. Defendants admit that Superintendent Dennis acts under color of state law when acting within the course and scope of his employment as Superintendent of the Boise School District.  Defendants admit that Superintendent Dennis resides in Idaho and is sued in his official capacity only.

## FACTUAL ALLEGATIONS

20.   Defendants deny the allegations set forth in paragraph 20 of the Complaint.

21.   Defendants deny the allegations set forth in paragraph 21 of the Complaint.

22.   Defendants deny the allegations set forth in paragraph 22 of the Complaint.

23.     Defendants deny the allegations set forth in paragraph 23 of the Complaint.

24.     Defendants admit the first sentence of paragraph 24, but deny the remaining allegations contained in paragraph 24.

25.     Defendants are without sufficient information or knowledge to admit or deny the allegations set forth in paragraph 25 of the Complaint, and therefore deny those allegations.

26.     Regarding the allegations in paragraph 26, Defendants admit to the existence of the standards of care published by the World Professional Association for Transgender Health and aver that the standards of care speaks for itself.  Defendants deny the remaining allegations in paragraph 26.

27.     Regarding the allegations in paragraph 27, Defendants admit to the existence of the standards of care published by the World Professional Association for Transgender Health and aver that the standards of care speaks for itself.  Defendants deny the remaining allegations in paragraph 27.

28.     Regarding the allegations in paragraph 28, Defendants admit to the existence of the standards of care published by the World Professional Association for Transgender Health and aver that the standards of care speaks for itself.  Defendants deny the remaining allegations in paragraph 28.

29.     Defendants deny the allegations set forth in paragraph 29 of the Complaint.

30.   Defendants deny the allegations set forth in paragraph 30 of the Complaint.

31.   Defendants deny the allegations set forth in paragraph 31 of the Complaint.

32.   Regarding the allegations in paragraph 32, Defendants admit the allegations in the first sentence.  Defendants admit that many states have passed legislation governing restrooms and locker rooms and aver that the legislation from the various states speak for themselves.  Defendants deny the remaining allegations in paragraph 32.

33.   Defendants deny the allegations set forth in paragraph 33 of the Complaint.

34.   Defendants deny the allegations set forth in paragraph 34 of the Complaint.

35.   Defendants deny the allegations set forth in paragraph 33 of the Complaint.

36.   Defendants deny the allegations set forth in paragraph 36 of the Complaint.

37.   Defendants are without sufficient information or knowledge to admit or deny the allegations set forth in paragraph 37 of the Complaint, and therefore deny those allegations.

38.   Defendants deny the allegations set forth in paragraph 38 of the Complaint.

39.     Defendants are without sufficient information or knowledge to admit or deny the allegations set forth in paragraph 39 of the Complaint, and therefore deny those allegations.

40.     Defendants are without sufficient information or knowledge to admit or deny the allegations set forth in paragraph 40 of the Complaint, and therefore deny those allegations.

41.     Defendants are without sufficient information or knowledge to admit or deny the allegations set forth in paragraph 41 of the Complaint, and therefore deny those allegations.

42.     Defendants are without sufficient information or knowledge to admit or deny the allegations set forth in paragraph 42 of the Complaint, and therefore deny those allegations.

43.     Defendants are without sufficient information or knowledge to admit or deny the allegations set forth in paragraph 43 of the Complaint, and therefore deny those allegations.

44.     Defendants are without sufficient information or knowledge to admit or deny the allegations set forth in paragraph 44 of the Complaint, and therefore deny those allegations.

45.     Defendants are without sufficient information or knowledge to admit or deny the allegations set forth in paragraph 45 of the Complaint, and therefore deny those allegations.

46.     Defendants are without sufficient information or knowledge to admit or deny the allegations set forth in paragraph 46 of the Complaint, and therefore deny those allegations.

47.     Defendants are without sufficient information or knowledge to admit or deny the allegations set forth in paragraph 47 of the Complaint, and therefore deny those allegations.

48.     Defendants are without sufficient information or knowledge to admit or deny the allegations set forth in paragraph 48 of the Complaint, and therefore deny those allegations.

49.     Defendants are without sufficient information or knowledge to admit or deny the allegations set forth in paragraph 49 of the Complaint, and therefore deny those allegations.

50.     Defendants are without sufficient information or knowledge to admit or deny the allegations set forth in paragraph 50 of the Complaint, and therefore deny those allegations.

51.     Defendants are without sufficient information or knowledge to admit or deny the allegations set forth in paragraph 51 of the Complaint, and therefore deny those allegations.

52.     Defendants are without sufficient information or knowledge to admit or deny the allegations set forth in paragraph 52 of the Complaint, and therefore deny those allegations.

53.    Defendants are without sufficient information or knowledge to admit or deny the allegations set forth in paragraph 53 of the Complaint, and therefore deny those allegations.

54.    Defendants are without sufficient information or knowledge to admit or deny the allegations set forth in paragraph 54 of the Complaint, and therefore deny those allegations.

55.    Defendants are without sufficient information or knowledge to admit or deny the allegations set forth in paragraph 55 of the Complaint, and therefore deny those allegations.

56.    Defendants are without sufficient information or knowledge to admit or deny the allegations set forth in paragraph 56 of the Complaint, and therefore deny those allegations.

57.    Defendants are without sufficient information or knowledge to admit or deny the allegations set forth in paragraph 57 of the Complaint, and therefore deny those allegations.

58.    Defendants are without sufficient information or knowledge to admit or deny the allegations set forth in paragraph 58 of the Complaint, and therefore deny those allegations.

59.    Defendants are without sufficient information or knowledge to admit or deny the allegations set forth in paragraph 59 of the Complaint, and therefore deny those allegations.

60.     Defendants are without sufficient information or knowledge to admit or deny the allegations set forth in paragraph 60 of the Complaint, and therefore deny those allegations.

61.     Defendants are without sufficient information or knowledge to admit or deny the allegations set forth in paragraph 61 of the Complaint, and therefore deny those allegations.

62.     Defendants are without sufficient information or knowledge to admit or deny the allegations set forth in paragraph 62 of the Complaint, and therefore deny those allegations.

63.     Defendants are without sufficient information or knowledge to admit or deny the allegations set forth in paragraph 63 of the Complaint, and therefore deny those allegations.

64.     Defendants are without sufficient information or knowledge to admit or deny the allegations set forth in paragraph 64 of the Complaint, and therefore deny those allegations.

65.     Defendants are without sufficient information or knowledge to admit or deny the allegations set forth in paragraph 65 of the Complaint, and therefore deny those allegations.

66.     Defendants are without sufficient information or knowledge to admit or deny the allegations set forth in paragraph 64 of the Complaint, and therefore deny those allegations.

67.    Defendants admit the allegations set forth in paragraph 67 of the Complaint.

68.    Regarding the allegations set forth in paragraph 68 of the Complaint, Defendants admit that the Boise School District issued a press release on May 13, 2016.  Defendants aver that the press release speaks for itself, and deny the remaining allegations set forth in paragraph 68 of the Complaint.

69.    Defendants deny the allegations set forth in paragraph 69 of the Complaint.

70.    Defendants are without sufficient information or knowledge to admit or deny the allegations set forth in paragraph 70 of the Complaint, and therefore deny those allegations.

71.    Defendants are without sufficient information or knowledge to admit or deny the allegations set forth in paragraph 71 of the Complaint, and therefore deny those allegations.

72.    Defendants are without sufficient information or knowledge to admit or deny the allegations set forth in paragraph 72 of the Complaint, and therefore deny those allegations.

73.    Defendants are without sufficient information or knowledge to admit or deny the allegations set forth in paragraph 73 of the Complaint, and therefore deny those allegations.

74. Defendants are without sufficient information or knowledge to admit or deny the allegations set forth in paragraph 74 of the Complaint, and therefore deny those allegations.

75. Defendants are without sufficient information or knowledge to admit or deny the allegations set forth in paragraph 75 of the Complaint, and therefore deny those allegations.

76. Defendants are without sufficient information or knowledge to admit or deny the allegations set forth in paragraph 70 of the Complaint, and therefore deny those allegations.

77. Regarding the allegations set forth in paragraph 77 of the Complaint, Defendants admit that Superintendent Critchfield sent a letter on January 19, 2023 addressed to Representative Judy Boyle to address "what requirements exist, if any, for Idaho school districts or charters to adopt gender-related policies that address topics such as overnight travel and student facilities in public schools." Defendants admit that Senator Carlson sent a letter to Superintendent Critchfield on January 23, 2023. Defendants aver that the letters speak for themselves.

78. Defendants admit that SB 1100 was introduced in the Idaho Senate on February 13, 2023. Defendants aver that the provisions of SB 1100 speak for themselves.

79. Defendants are without sufficient information or knowledge to admit or deny the allegations set forth in paragraph 79 of the Complaint, and therefore deny those allegations.

80.     Regarding the allegations in paragraph 80 of the Complaint, Defendants admit to the existence of the legislative record as publicly available and aver that the legislative record speaks for itself.

81.     Regarding the allegations in paragraph 81 of the Complaint, Defendants admit to the existence of the legislative record as publicly available and aver that the legislative record speaks for itself.

82.     Regarding the allegations in paragraph 82 of the Complaint, Defendants admit to the existence of the legislative record as publicly available and aver that the legislative record speaks for itself.

83.     Regarding the allegations in paragraph 83 of the Complaint, Defendants admit that SB 100 passed the Idaho Senate on March 9, 2013.  As to the remaining allegations, Defendants admit to the existence of the legislative record as publicly available and aver that the legislative record speaks for itself.

84.     Regarding the allegations in paragraph 84 of the Complaint, Defendants admit to the existence of the legislative record as publicly available and aver that the legislative record speaks for itself.

85.     Regarding the allegations in paragraph 85 of the Complaint, Defendants admit that SB 1100 passed the House of Representatives on March 16, 2013.  As to the remaining allegations, Defendants admit to the existence of the legislative record as publicly available and aver that the legislative record speaks for itself.

86.     Regarding the allegations in paragraph 86 of the Complaint, Defendants admit that SB 1100 was signed by the Governor on March 22, 2023.  As to the

remaining allegations, Defendants admit to the existence of the legislative record as publicly available and aver that the legislative record speaks for itself.

87.    Defendants deny the allegations contained in paragraph 87 of the Complaint.

88.    The allegations set forth in paragraph 88 of the Complaint contain a legal narrative and attachment of S.B. 1100 as Exhibit A, which speaks for itself and does not require a response.

89.    The allegations set forth in the first sentence of paragraph 89 of the Complaint contain a legal narrative regarding S.B. 1100, which speaks for itself and does not require a response. Defendants deny the remaining allegations of paragraph 89.

90.    The allegations set forth in paragraph 90 of the Complaint contain a legal narrative regarding S.B. 1100, which speaks for itself and does not require a response.

91.    The allegations set forth in paragraph 91 of the Complaint contain a legal narrative regarding S.B. 1100, which speaks for itself and does not require a response.  To the extent the allegations allege factual matters, the Defendants deny the remaining allegations contained in paragraph 91 of the Complaint.

92.    The allegations set forth in paragraph 92 of the Complaint contain a legal narrative regarding S.B. 1100, which speaks for itself and does not require a response.

93.     The allegations set forth in paragraph 93 of the Complaint contain a legal narrative regarding S.B. 1100, which speaks for itself and does not require a response.  To the extent the allegations allege factual matters, the Defendants deny the remaining allegations contained in paragraph 93 of the Complaint.

94.     Defendants deny the allegations set forth in paragraph 94 of the Complaint.

95.     The allegations set forth in paragraph 95 of the Complaint contain a legal narrative regarding S.B. 1100, which speaks for itself and does not require a response.

96.     Defendants deny the allegations set forth in paragraph 96 of the Complaint.

97.     Defendants deny the allegations set forth in paragraph 97 of the Complaint.

98.     Defendants deny the allegations set forth in paragraph 98 of the Complaint.

99.     Defendants deny the allegations set forth in paragraph 99 of the Complaint.

100.    Defendants deny the allegations set forth in paragraph 100 of the Complaint.

101.    Defendants deny the allegations set forth in the first sentence of paragraph 101.  Defendants admit that there are measures that can be taken to increase privacy for anyone desiring additional privacy, and aver that S.B. 1100 was

an appropriate policy decision made by the Idaho legislature and was a proper exercise of the legislature's police power and constitutional authority.

## CAUSES OF ACTION

### COUNT I

### Violation of Equal Protection
### U.S. Const. Amend. XIV

*(Against Defendants Critchfield, Clark, Gilbert Jr., Hill, Keough, Liebich, Roach, Siddoway, Dennis, Wagers, Greeley, Gregory, Langley, Oppenheimer, and Rajbhandari)*

102.   Defendants reincorporate their responses above for paragraphs 1 through 101 as if fully stated herein.

103.   Defendants admit that Plaintiffs assert this cause of action against Defendants in their official capacities, but deny that Plaintiffs are entitled to the requested relief.

104.   The allegations set forth in paragraph 104 of the Complaint contain a legal narrative to which no response is required. To the extent a response is required, Defendants state that the cited provisions speaks for themselves.

105.   Defendants deny the allegations set forth in paragraph 105 of the Complaint.

106.   Defendants deny the allegations set forth in paragraph 106 of the Complaint.

107.    Paragraph 107 contains legal conclusions to which no response is required. To the extent a response is required, Defendants deny S.B. 1100 is unconstitutional.

108.    Defendants deny the allegations set forth in paragraph 108 of the Complaint.

109.    Paragraph 109 contains legal conclusions to which no response is required. To the extent a response is required, Defendants deny S.B. 1100 is unconstitutional.

110.    Defendants deny the allegations set forth in paragraph 110 of the Complaint.

111.    Defendants deny the allegations set forth in paragraph 111 of the Complaint.

112.    Defendants deny the allegations set forth in paragraph 112 of the Complaint.

113.    Defendants deny the allegations set forth in paragraph 113 of the Complaint.

114.    Defendants deny the allegations set forth in paragraph 114 of the Complaint.

115.    Paragraph 115 contains legal conclusions to which no response is required. To the extent a response is required, Defendants deny S.B. 1100 is unconstitutional.

## COUNT II

## Violation of Title IX 20

## U.S.C. § 1681

*(Against Defendants Idaho Board of Education and Boise School District)*

116.  Defendants reincorporate their responses above for paragraphs 1 through 115 as if fully stated herein.

117.  Paragraph 117 contains legal conclusions to which no response is required. To the extent a response is required, Defendants aver that the cited provisions speak for themselves.

118.  Defendants deny the allegations set forth in paragraph 118 of the Complaint.

119.  Paragraph 119 contains legal conclusions to which no response is required. To the extent a response is required, Defendants aver that the cited provisions speak for themselves.

120.  Defendants admit the allegations set forth in the first sentence of paragraph 120.  The allegations set forth in the second sentence of paragraph 120 contain legal conclusions to which no response is required. To the extent a response is required, Defendants aver that the cited provisions speak for themselves.

121.    Defendants deny the allegations set forth in paragraph 121 of the Complaint.

122.    Defendants admit that the Plaintiffs seek nominal damages of $1, but deny that Defendants have violated Title IX, deny that Defendants have caused injury and damage to Plaintiffs, and deny that Plaintiffs are entitled to damages.

## COUNT III

### Violation of Right to Privacy

### U.S. Const. Amend. XIV

*(Against Defendants Critchfield, Clark, Gilbert Jr., Hill, Keough, Liebich, Roach, Siddoway, Dennis, Wagers, Greeley, Gregory, Langley, Oppenheimer, and Rajbhandari)*

123.    Defendants reincorporate their responses above for paragraphs 1 through 122 as if fully stated herein.

124.    Defendants admit the allegations set forth in paragraph 124 of the Complaint, but deny that Plaintiffs are entitled to the relief they seek.

125.    Paragraph 125 contains legal conclusions to which no response is required. To the extent a response is required, Defendants aver that the cited provisions speak for themselves.

126.    Paragraph 126 contains legal conclusions to which no response is required. To the extent a response is required, Defendants aver that the cited provisions speak for themselves.

127.    Paragraph 127 contains legal conclusions to which no response is required. To the extent a response is required, Defendants aver that the cited provisions speak for themselves.

128.    Defendants deny the allegations set forth in paragraph 128 of the Complaint.

129.    Defendants deny the allegations set forth in paragraph 129 of the Complaint.

130.    Defendants deny the allegations set forth in paragraph 130 of the Complaint.

131.    Defendants deny the allegations set forth in paragraph 131 of the Complaint.

## PRAYER FOR RELIEF

Defendants deny any allegations set forth in the wherefore clause.

132.    Defendants deny Plaintiffs are entitled to the relief requested in paragraph 132 of the Complaint.

133.    Defendants deny Plaintiffs are entitled to the relief requested in paragraph 133 of the Complaint.

134.    Defendants deny Plaintiffs are entitled to the relief requested in paragraph 134 of the Complaint.

135.    Defendants deny Plaintiffs are entitled to the relief requested in paragraph 135 of the Complaint.

136.    Defendants deny Plaintiffs are entitled to the relief requested in paragraph 136 of the Complaint.

137.    Defendants deny Plaintiffs are entitled to the relief requested in paragraph 137 of the Complaint.

138.    Defendants deny Plaintiffs are entitled to the relief requested in paragraph 138 of the Complaint.

139.    Defendants deny Plaintiffs are entitled to the relief requested in paragraph 139 of the Complaint.

140.    Defendants deny Plaintiffs are entitled to the relief requested in paragraph 140 of the Complaint.

## AFFIRMATIVE DEFENSES

1.    The Complaint fails to state a claim upon which relief may be granted.

2.    Defendants have immunity from suit pursuant to the Eleventh Amendment of the United States Constitution.

3.    Plaintiffs' claims against Defendants should be barred due to lack of standing.

4.    The Court lacks subject matter jurisdiction.

5.    Plaintiffs are not entitled to the extraordinary remedy of equitable relief.

WHEREFORE, having fully answered the Complaint, Defendants respectively request the Court enter an Order and Judgment:

1.      Dismissing the Complaint with prejudice;

2.      Awarding Defendants' their costs and attorney's fees in defending this matter;

3.      Confirming S.B. 1100 is Constitutional; and

4.      Providing such other relief as the Court deems just and proper.


DATED:  October 26, 2023

                              STATE OF IDAHO
                              OFFICE OF THE ATTORNEY GENERAL


                              By:   /s/ James E. M. Craig
                                    JAMES E. M. CRAIG
                                    Acting Division Chief,
                                    Civil Litigation and
                                    Constitutional Defense

                                    *Counsel for Defendants*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on October 26, 2023, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which sent a Notice of Electronic Filing to the following persons:

Samuel L. Linnet
sam@alturaslawgroup.com

Avery P. Hitchcock
avery.hitchcock@mto.com

Christina S. Paek
cpaek@lambdalegal.org

Jacob Max Rosen
max.rosen@mto.com

Kell L. Olson
kolson@labdalegal.org

Jimmy Biblarz
jimmy.biblarz@mto.com

Peter C. Renn
prenn@lambdalegal.org

Katherine M. Forster
katherine.forster@mto.com

Tara L. Borelli
tborelli@lamdalegal.org

Nicholas Sidney
nick.sidney@mto.com

Paul Martin
paul.martin@mto.com

Robyn K. Bacon
Robyn.bacom@mto.com

*Counsel for Plaintiffs*

*Counsel for Plaintiffs*

  /s/ *James E. M. Craig*
JAMES E. M. CRAIG
Acting Division Chief,
Civil Litigation and
Constitutional Defense