UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| REBECCA ROE, by and through her parents and next friends Rachel and Ryan Roe, SEXUALITY AND GENDER ALLIANCE, an association,<br><br>    Plaintiffs,<br><br>v.<br><br>DEBBIE CRITCHFIELD, in her official capacity as Idaho State Superintendent of Public Instruction, et. al.,<br><br>    Defendants. | Case No. 1:23-cv-00315-DCN<br><br>**MEMORANDUM DECISION AND ORDER** |

# I. INTRODUCTION

Before the Court is Plaintiffs Rebecca Roe, Rachel and Ryan Roe, and Sexuality and Gender Alliance's (collectively "Plaintiffs") Motion for Preliminary Injunction Pending Appeal. Dkt. 64. Defendants Debbie Critchfield et al. (collectively "Defendants") oppose the motion. Dkt. 68. For the reasons explained below, Plaintiffs' motion is MOOT.

# II. BACKGROUND[1]

On July 6, 2023, Plaintiffs filed the instant action alleging a newly-enacted statute in Idaho, S.B. 1100, is unconstitutional and violates: (1) the Equal Protection Clause, (2) Title IX, and (3) their right to privacy. Dkt. 1, at 30–37. Alongside their Complaint, Plaintiffs filed a Motion for Preliminary Injunction ("PI Motion") seeking to enjoin the law

---

[1] A more complete background can be found in the Court's prior decision. Dkt. 60, at 3–7.

MEMORANDUM DECISION AND ORDER – 1

during the pendency of this litigation. Dkt. 15. Defendants subsequently filed a Motion to Dismiss. Dkt. 47.

After briefing and a hearing, the Court issued a decision denying both motions. Dkt. 60. As it relates to the PI Motion, the Court found Plaintiffs had not shown they were likely to succeed on any of their claims because: (1) S.B. 1100 is based on sex, not gender identity, and is related to the state of Idaho's substantial interests of privacy and safety; (2) S.B. 1100 does not violate Title IX because Title IX allows for this type of scheme; and (3) Plaintiff's did not demonstrate they have a protectable liberty interest in the nondisclosure of their gender identity for privacy purposes. *Id*. at 35–36. The Court also found, however, that Defendants had not carried their burden for full dismissal of Plaintiffs' claims. *Id*. at 36.

The Court issued its decision on Thursday, October 12, 2023, and indicated that S.B. 1100 would take effect 21 days later—on November 2, 2023. *Id*. at 36–37.

On Monday, October 16, 2023, Plaintiffs appealed the Court's decision to the Ninth Circuit Court of Appeals. Dkt. 67. They also filed, with this Court, an Expedited Motion for Preliminary Injunction Pending Appeal. Dkt. 64. Therein, Plaintiffs requested this Court stay its decision during the pendency of the appeal. *See generally id*. Plaintiffs also indicated that, because of the short timeframe before S.B. 1100 was set to take effect, it had filed its motion for relief simultaneously with the Ninth Circuit. Dkt. 64-1, at 2 n.1. This Court communicated informally with Counsel and set an expedited briefing schedule. Dkt. 65. That order set a deadline of Sunday, October 22, 2023, for Defendants' Response and noon on October 25, 2023, for Plaintiffs' reply. *Id*. This Court's intent was to rule on

MEMORANDUM DECISION AND ORDER – 2

Plaintiffs' Motion by Friday, October 27, 2023.

The parties dutifully and timely filed their briefs with this Court. Dkts. 68, 72. They filed virtually identical briefs in front of the Ninth Circuit on a similarly shortened timeframe. Dkts. 70, 71.

On the afternoon of October 26, 2023, Plaintiffs' Counsel alerted the Court (via email)[2] to the fact that the Ninth Circuit had ruled on the matter and stayed the Court's decision (and, therefore, S.B. 1100).

### III. DISCUSSION

Federal Rules of Appellate Procedure 8 outlines that a party "*must* ordinarily move first in the district court for . . . a stay of the judgment or order of a district court pending appeal." Fed. R. App. P. 8(a)(1)(A) (emphasis added). Rule 8(a)(2) outlines that a motion for such relief "*may*" be made to the Court of Appeals if the movant shows that "moving first in the district court would be impracticable" or that "the district court denied the motion or failed to afford the relief requested . . . ." Fed. R. App. P. 8(a)(2)(A)(i)–(ii).

In this case, this Court set an appropriate briefing schedule so that it could rule on Plaintiffs' Motion. Dkt. 65. While it did not explicitly state in its order setting that schedule that it planned to rule on the motion expeditiously, the schedule outlined clearly indicated the same.[3] Based upon this Court's prior experience in these types of situations, it understood its responsibility was to quickly adjudicate the motion so that the parties could,

---

[2] The Ninth Circuit's Order was filed with this Court this afternoon. Dkt. 74.

[3] In other words, the Court would not set a schedule that had briefing conclude eight full days prior to S.B. 1100 going into effect to then sit on its hands and do nothing.

if necessary, ask the Ninth Circuit for relief. The schedule it laid out provided sufficient time for the parties, this Court, and the Ninth Circuit to resolve the matter.

Unbeknownst to this Court, however, the Ninth Circuit then ruled on the matter before it had an opportunity to do so. That ruling effectively moots Plaintiffs' request before this Court. Thus, the Court will not opine further on the merits of Plaintiffs' request for a stay pending appeal. However, it will share a few procedural thoughts in the hopes that situations like this can be avoided in the future.

Federal Rules of Appellate Procedure 8 is clear. A party seeking relief *must* seek that relief from the district court before seeking it from the appealed court *unless* exigent circumstances exist. Here, Plaintiffs filed their brief requesting emergency relief simultaneously before the district court and the Ninth Circuit because of the relatively short timeframe involved. Critically, however, in those briefs, Plaintiffs never posture that asking the district court would be impracticable.[4] Said another way, Plaintiffs never argued, or showed, that following the standard procedure would not serve their purposes. And how could they? When they filed their brief, there were still seventeen days until S.B. 1100 went into effect.[5] Additionally, in issuing its stay, the Ninth Circuit did not make a finding that waiting for the district court would be impracticable.[6]

---

[4] The Court does not have access to the Ninth Circuit's new case management and filing system. Thus, it cannot see all that is in the appellate file. However, some of the briefs on appeal have been transmitted to the district court. As with the briefs before this Court, there is no mention in the briefs before the Ninth Circuit of impracticability.

[5] In like manner, Plaintiffs could not argue that the district court had denied their motion or failed to afford the relief requested because the district court had not yet ruled.

[6] There are no Ninth Circuit cases the Court can locate that require the Circuit Court to wait for a decision from the district court before ruling. But there are likewise no cases the Court can locate where the Circuit

Respectfully, the Court does not understand why the Ninth Circuit elected to intervene without waiting for an order from this Court. The undersigned and his staff have spent considerable time and resources on this case (including the present motion). It planned to issue a decision today (Friday, October 27, 2023). The Ninth Circuit could have potentially benefitted from this Court's decision. To be fair, the Ninth Circuit did not know when, or if, this Court was going to issue a decision. That said, it would not have been difficult to ascertain the Court's plans from its briefing schedule or even via other informal (or formal) means.[7]

In its order granting Plaintiffs' relief, the Ninth Circuit does not provide any explanation or analysis for its decision: as a whole or related to its early intervention. There is no indication that the exigent circumstances warranting its authority and intervention were yet at play. Nevertheless, it decided to step in all the same. Having done so Plaintiffs' Motion before this Court is now MOOT.

## IV. CONCLUSION

Candidly, the Court is not comfortable with how this happened procedurally. It coordinated with the parties, expended resources, and made plans to rule on the motion pursuant to its authority while still providing ample time for the Ninth Circuit to also take

---

Court did not make an explicit finding of impracticability in issuing a decision before a district court had the opportunity to rule. However, other Circuits have held that it is erroneous *for a party* to seek a stay from the Circuit Court before the district court rules on this type of motion. *See, e.g., Whole Woman's Health v. Paxton*, 972 F.3d 649, 653-54 (5th Cir. 2020); *SEC v. Dunlap*, 253 F.3d 768, 774 (4th Cir. 2001); *Hirschfeld v. Bd. of Elections in City of New York*, 984 F.2d 35, 40 (2d Cir. 1993).

[7] Again, the Court is not implying the Ninth Circuit did anything inherently wrong here. These are their rules, and they can interpret them how they see fit. But a head's up would have saved significant time and resources and been appreciated.

up the matter (if needed). Plaintiffs did not present any circumstances indicating it would be "impracticable" for the district court to make a ruling first. And the Ninth Circuit's decision cites none. The Court, of course, defers to the Circuit. It greatly respects its federal judicial colleagues at all levels—District, Circuit, and Supreme. But from an organizational and procedural standpoint, this could have been handled better.

## V. ORDER

1. Plaintiffs' Motion for Preliminary Injunction Pending Appeal (Dkt. 64) is MOOT.
2. The Clerk of the Court shall send a copy of this order to the Ninth Circuit for placement, if appropriate, in Circuit Case No. 23-2807.

DATED: October 27, 2023

David C. Nye
Chief U.S. District Court Judge

MEMORANDUM DECISION AND ORDER – 6