UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| SEXUALITY AND GENDER ALLIANCE, an association,<br><br>Plaintiff,<br><br>v.<br><br>DEBBIE CRITCHFIELD, in her official capacity as Idaho State Superintendent of Public Instruction, et. al.,<br><br>Defendants. | Case No. 1:23-cv-00315-DCN<br><br>**MEMORANDUM DECISION AND ORDER** |

## I. INTRODUCTION

Before the Court is Plaintiff Boise High School Sexuality and Gender Alliance's ("SAGA") Motion for Preliminary Injunction Pending Appeal. Dkt. 108. The Court finds it does not need a response from Defendants at this time. *See* Dkt. 109. Upon review, and for the reasons outlined below, the Court DENIES SAGA's Motion.

## II. BACKGROUND

On July 6, 2023, SAGA filed suit challenging S.B. 1100 as unconstitutional—on its face and as applied to its members. Dkt. 1. That same day, SAGA filed a Motion for preliminary injunction. Dkt. 7. The Court subsequently denied SAGA's Motion (Dkt. 60) and the Ninth Circuit affirmed (Dkt. 81).

On July 3, 2025, SAGA filed a second Motion for Preliminary Injunction and, in the alternative, Temporary Restraining Order. Dkt. 86. This Motion applied specifically to

its members and requested relief before August 12, 2025—the first day of school at Boise High. *Id*.

On August 7, 2025, the Court denied SAGA's Motion. Dkt. 106. The Court held SAGA had not meet its burden to obtain preliminary injunctive relief because the State has outlined a legitimate governmental interest related to S.B. 1100: privacy. *See generally id.*

On August 8, 2025, SAGA appealed the Court's order. Dkt. 107.

On August 11, 2025, SAGA filed a Motion for Preliminary Injunction Pending Appeal. Dkt. 108. The Court determined responsive briefing was not necessary. *See* Dkt. 109. The Court typically likes to hear from both sides on any issue. However, in this circumstance, the Court finds such unwarranted because it has been down this road before.

After the Court issued its decision on SAGA's first Motion for Preliminary Injunction, SAGA appealed and asked the Court to enjoin its order pending appeal. Dkt. 64. It also asked the Ninth Circuit for similar relief. The Court expedited briefing and spent considerable time on a decision only to find out quite literally hours before issuing its decision that the Ninth Circuit had granted SAGA's request.[1] This conundrum is outlined in the Court's Order it issued after learning that the Circuit had intervened. Dkt. 75. To avoid a repeat of that situation—and because the Court finds the decisional process will not be aided by a response from Defendants—the Court will summarily issue this decision so that SAGA can continue with it interlocutory appeal before the Ninth Circuit.

---

[1] The Ninth Circuit did not communicate with the Court about this decision. Thankfully, SAGA's counsel was kind enough to keep the Court apprised of the situation.

MEMORANDUM DECISION AND ORDER – 2

### III. LEGAL STANDARD

Under Federal Rule of Civil Procedure 62(d), a District Court is vested with discretion to grant an injunction pending appeal to preserve the status quo. *See e.g. Mecinas v. Hobbs*, 2020 WL 13865449, at *2 (D. Ariz. July 10, 2020). The Rule states:

> While an appeal is pending from an interlocutory order or final judgment that grants, continues, modifies, refuses, dissolves, or refuses to dissolve or modify an injunction, the court may suspend, modify, restore, or grant an injunction on terms for bond or other terms that secure the opposing party's rights.

Fed. R. Civ. P. 62(d).

"Although a notice of appeal will ordinarily divest a district court of jurisdiction over the matters being appealed, the district court 'retains jurisdiction during the pendency of an appeal to act to preserve the status quo.'" *Kollenburn v. Cnty. of Clackamas*, 2021 WL 1842148, at *2 (D. Or. Mar. 16, 2021) (quoting *Nat. Res. Def. Council, Inc. v. Sw. Marine, Inc.*, 242 F.3d 1163, 1166 (9th Cir. 2001)).

Additionally, the Federal Rules of Appellate Procedure provide that a party may request a stay or seek an injunction during the pendency of an appeal of a district court order. Fed. R. App. P. 8. Specifically, Rule 8(a)(1) requires that the party seeking relief move first in the district court for an injunction before seeking relief from the court of appeals. Fed. R. App. P. 8(a)(1). The only exception to this is if the party seeking relief shows that "moving first in the district court would be impracticable." Fed. R. App. P. 8(a)(2)(A)(i).

"It is well established that the standard for issuance of an injunction pending appeal is the same as the standard for issuance of a preliminary injunction." *All. for the Wild*

*Rockies v. Brazell*, 2014 WL 3732649, at *1 (D. Idaho July 25, 2014); *see also Reclaim Idaho v. Little*, 2020 WL 8254279, at *1 (D. Idaho June 29, 2020) ("A stay pending appeal overlaps with the function of a preliminary injunction—each prevents some action before the legality of that action has been conclusively determined." (cleaned up)).

A party seeking an injunction of the district court's order pending appeal must establish that: (1) they are likely to succeed on the merits; (2) they are likely to suffer irreparable harm in the absence of preliminary relief; (3) the balance of equities tips in their favor; and (4) an injunction is in the public interest. *Winter*, 555 U.S. at 20; *see also Short v. Brown*, 893 F.3d 671, 675 (9th Cir. 2018) (cleaned up).

The party seeking stay of an injunction pending appeal bears the burden of showing entitlement to a stay. The decision to grant a stay pending appeal is discretionary and should be evaluated based on "the circumstances of the particular case." *Washington v. Trump*, 847 F.3d 1151, 1164 (9th Cir. 2017) (cleaned up).

## IV. ANALYSIS

As the Court has noted before, injunctions pending appeal are a fickle friend. This type of relief requires the Court to essentially "question the validity of its own holding." *Courthouse News Serv. v. Omundson*, 2024 WL 5136925, at *4 (D. Idaho Dec. 17, 2024). At the very least, it puts the Court in the awkward position of looking for a likelihood of success on the merits of the Plaintiff's claims *after* having just found no likelihood of success on those same claims.

As the Court outlined in its recent decision, SAGA has not shown a likelihood of success on its claims. *See generally* Dkt. 106, at 11–20. Specifically, the Court held that,

while this second preliminary injunction was "as-applied" to SAGA, the same general reasoning from the Court's prior decision and the Ninth Circuit's affirmance applied.[2] On SAGA's equal protection claim, the Court held the State of Idaho has an interest in protecting the privacy of students and that S.B. 1100 is substantially related to that legitimate interest. And on SAGA's Title IX claim, the Court found the funding issue the Ninth Circuit outlined previously applied equally here. *Id*. at 17–20.

As to the remaining factors, the Court found the scales were essentially even as both sides highlighted harms, and public interest could support either party. Specifically, as to harm, the Court found that SAGA had not identified any *irreparable* harm because S.B. 1100 mandates that schools provide an alternative accommodation for anyone (SAGA members included) who is unable or unwilling to use a multi-occupancy restroom. Dkt. 106, at 21; Idaho Code Ann. § 33-6605(1)(a).

SAGA points out its disagreements with the Court's recent decision, how it is likely to succeed on appeal, and requests the Court enjoin its order. The Court maintains the same opinion pertaining to SAGA's request at this time as it outlined in its decision. That is: SAGA has not met its burden for an injunction pending appeal because it is unlikely to

---

[2] SAGA takes issue with the Court's reliance on the Ninth Circuit's decision affirming its prior order arguing that the Court essentially assumed the issue of bathrooms was already decided when, in fact, it was not. The Ninth Circuit's decision is nuanced. There were hints about bathrooms and the applicability of its decision to those circumstances. But the Ninth Circuit's ruling was based upon the type of challenge SAGA brought: facial. So, it did appear the Ninth Circuit left open some specific questions. But the Court did not simply assume the matter was decided and not analyze SAGA's claims further. The Court utilized some of the same principles as it had in its prior decision (and that the Ninth Circuit used), but it made its own rulings on the questions presented. Dkt. 106, at 14–17.

succeed on its claims and there is an accommodation that its members can use during the pendency of this litigation.

## V. CONCLUSION

S.B. 1100 has been law for over two years. But it has never gone into effect. SAGA claims this means continued litigation (i.e. continued non-enforcement—at least as to its members) will not make a material difference. The Court appreciates that these issues are difficult and sensitive and may require review. However, that review has already occurred broadly—at the District and Circuit level—and much of the same analysis and reasoning applies to the instant circumstances even when viewed through the lens of SAGA's members only.

The Court took an individualized look at SAGA's claims *as-applied* to its members. It undertook a thorough legal analysis and found its claims did not warrant *injunctive* relief. This is not a final determination on the merits. The Court simply found that, on the current record, SAGA was unlikely to succeed, and that injunctive relief was not warranted. The same is true today. Because the Court does not find it likely SAGA will succeed on appeal, the Court will not preliminarily enjoin its order.

## VI. ORDER

1. SAGA's Motion for Preliminary Injunction Pending Appeal (Dkt. 108) is DENIED.

DATED: August 12, 2025

_____
David C. Nye
Chief U.S. District Court Judge