FILED

OCT 14 2025

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

SEXUALITY AND GENDER ALLIANCE, an association,

    Plaintiff - Appellant,

 v.

DEBBIE CRITCHFIELD, in her official capacity as Idaho State Superintendent of Public Instruction; et al.,

    Defendants - Appellees.

No. 25-5036

D.C. No. 1:23-cv-00315-DCN
District of Idaho, Boise

ORDER

Before: WARDLAW, CHRISTEN, and BENNETT, Circuit Judges.

Plaintiff Sexuality and Gender Alliance (SAGA) moves, pending appeal, for an order enjoining the enforcement of Senate Bill 1100 (S.B. 1100) against its members at Boise High School.[1] The panel heard oral argument on SAGA's motion on October 1, 2025. We have jurisdiction pursuant to 28 U.S.C. § 1292(a)(1).

"The standard for evaluating an injunction pending appeal is similar to that employed by district courts in deciding whether to grant a preliminary injunction."

---

[1] The statute has now been codified as "Privacy and Safety of Students in Public Schools." Ch. 67, Title 33. Idaho Code Ann. §§ 33-6701 *et seq*. We refer to the statute as "S.B. 1100" for consistency with the district court's order and the parties' briefs.

*Feldman v. Arizona Sec'y of State's Off.*, 843 F.3d 366, 367 (9th Cir. 2016). Accordingly, to prevail on its motion, SAGA must establish that it "is likely to succeed on the merits, that [it or its members are] likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in [its] favor, and that an injunction is in the public interest." *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008); *see also Doe v. San Diego Unified Sch. Dist.*, 19 F.4th 1173, 1176 (9th Cir. 2021) (applying the *Winter* factors).

In considering irreparable harm, the district court recognized that SAGA members may suffer "some minor harm" from S.B. 1100, but it concluded that such harm would not be irreparable because S.B. 1100 requires schools to provide an alternative accommodation for any student who "[f]or any reason, is unwilling or unable to use a multi-occupancy restroom or changing facility designated for the person's sex and located within a public school building, or multi-occupancy sleeping quarters while attending a public school-sponsored activity," Idaho Code Ann. 33-6605. *See Sexuality & Gender All. v. Critchfield*, No. 1:23-cv-00315-DCN, 2025 WL 2256884, at *11 (D. Idaho Aug. 7, 2025). The court's order stated that our court previously established that the alternative restrooms are "valid and will not otherwise 'out' a person as transgender." *Id.* at *8 n. 16 (citing *Roe v. Critchfield*, 137 F.4th 912, 925 (9th Cir. 2025)).

This is incorrect. In *Roe*, we explained that "[b]ecause [S.B. 1100] does not limit the use of single-occupancy facilities to only transgender students" we could not say on the record before us whether observing a student accessing such a facility would necessarily disclose that student's transgender status. 137 F.4th at 932. We explicitly left open the possibility that SAGA may be able to make such a showing after the factual record is more fully developed. *Id.*

On the present record, we are unable to ascertain the adequacy of the alternative, single-occupancy restrooms both in terms of accessibility and in terms of their ability to mitigate the psychological harm associated with requiring transgender students to use multi-occupancy restrooms that do not align with their gender identity or from being outed as a result of using single-occupancy facilities. Nor does the record address whether any students at Boise High School have sought and received reasonable accommodation pursuant to S.B. 1100 now that it is in effect. *See* Idaho Code Ann. § 33-6705. Therefore, we remand this matter to the district court for limited fact-finding. Specifically, the district court shall determine the following:

- How many students attend Boise High School, how many SAGA members attend Boise High School, and how many SAGA members are transgender?

- Now that S.B. 1100 has taken effect, has any student at Boise High School provided to the school a "written request for reasonable accommodation"

pursuant to Idaho Code Ann. § 33-6705? Has any SAGA member provided such a request?

- Has Boise High School provided an accommodation to any student in accordance with Idaho Code Ann. § 33-6705? If so, what accommodation(s) has the school provided?

- Are cisgender students using the single-occupancy restrooms? Are SAGA members using the single-occupancy restrooms?

- Have SAGA members or other students who attempt to use single-occupancy restrooms had to wait to do so? Have any of those students been late to class as a result? If so, have those tardies been excused?

- Are classes held in the Frank Church building? How many minutes does it take to walk from a class in the Frank Church building to a single-occupancy restroom?

- Do students need prior approval and/or need to be admitted to the single-occupancy restrooms by a faculty member or other staff member? Is a keycard necessary? If so, how is it determined who gets a keycard?

- Do the boys' restrooms at Boise High School have dividers or privacy partitions between the urinals?

- Have SAGA members reported experiencing psychological distress when using single-occupancy restrooms or multi-occupancy restrooms that do not align with their gender identity?

- Have SAGA members reported bullying or stigmatization from using single-occupancy restrooms or multi-occupancy restrooms that do not align with their gender identity?

- Has the use of single-occupancy restrooms caused the involuntary disclosure of a SAGA member's transgender status?

- Have SAGA members opted to use multi-occupancy restrooms that do not align with their gender identity, rather than the single-occupancy restrooms?

The parties shall promptly notify the Clerk of this court when the district court has made the findings identified in this order. Subject to this limited remand, we retain jurisdiction over this appeal. *See Cel-A-Pak v. Cal. Agric. Labor Relations Bd.*, 680 F.2d 664, 668 (9th Cir. 1982) (noting the "power to retain appellate jurisdiction and order a limited remand"). We stay further proceedings in this court pending resolution of this remand in the district court.

**REMANDED** for further proceedings consistent with this order.