RAÚL R. LABRADOR
ATTORNEY GENERAL

JAMES E. M. CRAIG, ISB #6365
Chief, Civil Litigation and
Constitutional Defense

DAVID J. MYERS, ISB #6528
Deputy Attorney General
GADER WREN, ISB# 12108
Assistant Solicitor General
Office of the Attorney General
P.O. Box 83720
Boise, ID 83720-0010
Telephone: (208) 334-2400
Facsimile: (208) 854-8073
james.craig@ag.idaho.gov
david.myers@ag.idaho.gov
gader.wren@ag.idaho.gov

*Attorneys for Defendants*

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| SEXUALITY AND GENDER ALLIANCE,<br><br>*Plaintiff*,<br><br>v.<br><br>DEBBIE CRITCHFIELD, *et al.*,<br><br>*Defendants.* | Case No. 1:23-cv-00315-DCN<br><br>**JOINT PROPOSED FINDINGS OF FACT [DKT. 118]** |

Pursuant to this Court's November 4, 2025, Order (Dkt. 118), the parties submit the following joint proposed findings of fact in response to the Ninth Circuit's limited remand for fact-finding (Dkt. 117). Where the parties have been unable to reach a joint answer on any question, they have noted their respective proposed answers, as this Court's Order instructs.

**JOINT PROPOSED FINDINGS OF FACT**

1. How many students attend Boise High School, how many SAGA members attend Boise High School, and how many SAGA members are transgender?

   RESPONSES:

   a. As of November 5, 2025, there are 1,511 students enrolled at Boise High School.

   b. Boise High School does not track SAGA membership. SAGA estimates that, during the 2025-2026 school year, between 10 and 15 students have attended at least one SAGA meeting, which SAGA maintains is the criteria for SAGA membership.[1]

   c. SAGA does not require its members to disclose their gender identity. However, two current members have disclosed that they are transgender and allege they would be affected by the provisions of S.B. 1100.

2. Now that S.B. 1100 has taken effect, has any student at Boise High School provided to the school a "written request for reasonable accommodation" pursuant to Idaho Code Ann. § 33-6705? Has any SAGA member provided such a request?

   RESPONSES:

---

[1] Any references to "members" or "membership" should not be construed as any admission on the part of the Defendants and are without prejudice to any right of Defendants to challenge SAGA's standing in subsequent proceedings.

a.  Before November 2025, no student at Boise High School had provided to the school a written request for reasonable accommodation pursuant to Idaho Code § 33-6705.

b.  In November 2025, two SAGA students made written requests for reasonable accommodation pursuant to Idaho Code § 33-6705. On November 7, 2025, counsel for Plaintiffs emailed written requests for reasonable accommodation for Jane Doe and Daisy Davis to counsel for the Defendants. Defendants' counsel responded that the statute required the written requests for reasonable accommodation to be sent directly to the school. Thereafter, Daisy Davis submitted a written request for reasonable accommodation to the school on November 11, 2025, and Jane Doe submitted a written request for reasonable accommodation to the school on November 13, 2025. Jane Doe's accommodations process may now be complete. The parties will provide the court a supplemental response when the accommodations process is complete for both students, which the parties estimate will be by December 3, 2025.

3.  Has Boise High School provided an accommodation to any student in accordance with Idaho Code Ann. § 33-6705? If so, what accommodation(s) has the school provided?

DEFENDANTS' RESPONSE: Before this month, Boise High School had not provided an accommodation to any student in accordance with Idaho Code § 33-67-5 because the school had not received any written request for reasonable accommodation under the statute. Apart from the statute, however, Boise High School had already granted Jane Doe and Daisy Davis access to three single-occupancy restrooms on campus. Jane Doe's and Daisy Davis's initial written requests for reasonable accommodation sought

access to the school's multi-occupancy girls' restrooms. The school responded that such access was not permitted under the statute. Because school is not in session this week, Defendants' counsel will not be able to confirm the status of the accommodations process until the parties' supplemental response on December 3. Defendants object to Plaintiffs' submission of declarations without the opportunity for Defendants to cross-examine the declarants or conduct limited depositions to ask questions about the declarations. Given the terms and deadline of the Court's November 4, 2025, Order (Dkt. 118), it is Defendants' understanding that the Court did not contemplate submission of one-sided declarations in the formulation of the joint proposed findings of fact.

PLAINTIFFS' RESPONSE: Yes. Before Idaho Code § 33-6705 was in effect, SAGA members Jane Doe and Daisy Davis were already granted access to the single-user restroom facilities at Boise High School. That access continued uninterrupted this year, which is why they did not initially make a separate request for restroom access under § 33-6705. Supplemental Declaration of Daisy Davis at ¶ 2;[2] Supplemental Declaration of Jane Doe at ¶ 2. After she requested an accommodation under § 33-6705, Jane Doe met with a counselor and confirmed through an updated plan that her accommodation under § 33-6705 is access to the same three single-occupancy restrooms that have already been identified in this litigation—two in the main building and one in the main gym building (also known as the music/PE building). Supplemental Declaration of Jane

---

[2] Plaintiff has provided supplemental declarations where the parties did not reach a stipulated response and where the remaining requested information is in Plaintiff's control. Plaintiff believes it is proper to provide a factual basis for the requested information and does not believe further discovery is needed before the court makes the requested preliminary findings.

Doe at ¶ 3. Daisy Davis expects her accommodation will be the same. Supplemental Declaration of Daisy Davis at ¶ 4.

4. Are cisgender students using the single-occupancy restrooms? Are SAGA members using the single-occupancy restrooms?

RESPONSE: Yes as to both, where the student has sought and received the school's permission for such use.

DEFENDANTS' FURTHER RESPONSE: Currently there are 14 students with access to the single-occupancy restrooms. All 14 students use the single-occupancy restrooms as their sole or primary restroom option.

PLAINTIFFS' FURTHER RESPONSE: It is unknown how many of those students have access under a gender support plan.

5. Have SAGA members or other students who attempt to use single-occupancy restrooms had to wait to do so? Have any of those students been late to class as a result? If so, have those tardies been excused?

DEFENDANTS' RESPONSES:

a. Boise High School administrators are aware of one instance during the 2024-2025 school year, before the single-occupancy restroom in the art office was made available to students, when a student had to wait to use a single-occupancy restroom. Boise High School is not aware of any other reports or instances of a student having to wait to use a single-occupancy restroom.

b. Boise High School has not received any reports of a student being late to class because they were using a single-occupancy restroom.

PLAINTIFF'S RESPONSES:

    a. Yes. SAGA members have had to wait to use single-occupancy restrooms, both before and since S.B. 1100 took effect. Dkt 102-2, Daisy Davis Declaration at ¶¶ 9-10 (problems attempting to rely on same single-user facilities before S.B. 1100); Daisy Davis Supplemental Declaration at ¶ 5 (current use); Jane Doe Supplemental Declaration at ¶ 5 (occupied about 1/4th of the time).

    b. SAGA is not aware of any student being tardy yet this year as a result of S.B. 1100, but SAGA members have missed additional class time while waiting for single-user facilities to become available. Jane Doe Supplemental Declaration at ¶ 5; Daisy Davis Supplemental Declaration at ¶¶ 5, 8

6. Are classes held in the Frank Church building? How many minutes does it take to walk from a class in the Frank Church building to a single-occupancy restroom?

RESPONSES:

    a. Yes. Both Jane Doe and Daisy Davis have multiple classes in the Frank Church building.

    b. The nearest single-occupancy restroom (in a different building) is a two- or three-minute walk away, each way.

PLAINTIFF FURTHER RESPONDS:

    a. The Frank Church building also houses the cafeteria and library. Jane Doe Supplemental Declaration at ¶ 6.

7. Do students need prior approval and/or need to be admitted to the single-occupancy restrooms by a faculty member or other staff member? Is a keycard necessary? If so, how is it determined who gets a keycard?

RESPONSES:

a. The single-occupancy restroom in the Music/PE building (also known as the main gym building) is accessible by keycard (which is the student's school ID card, programmed for such access). The single-occupancy restroom in the nurse's office is accessible upon request to the nurse. The single-occupancy restroom in the art office is accessible with faculty or staff assistance.

b. Boise High School grants standing access to single-occupancy restrooms to any student who requests access and who has some form of school district plan in place (e.g., a gender plan, a 504 plan, an IEP, a documented health need, etc.).

c. Every student who has requested access to the single-occupancy restrooms has been given access.

8. Do the boys' restrooms at Boise High School have dividers or privacy partitions between the urinals?

RESPONSE: Yes.

DEFENDANTS FURTHER RESPOND: The dividers of course do not provide complete privacy.

9. Have SAGA members reported experiencing psychological distress when using single-occupancy restrooms or multi-occupancy restrooms that do not align with their gender identity?

DEFENDANTS' RESPONSE: There are no known instances when a SAGA member has reported to Boise High School that he or she has experienced psychological distress when using a single-occupancy restroom or multi-occupancy restroom that does not align with his or her gender identity.

PLAINTIFF'S RESPONSE: Yes. Dkt 86-6 Jane Doe Declaration at ¶ 12 (previous use of multi-occupancy restroom that did not align with gender identity caused distress), ¶ 13 (previous use of single-occupancy facility was alienating); Jane Doe Supplemental Declaration ¶ 8 (current use of single-occupancy restroom is scary, causes distress, causes her to abandon trip to restroom); Daisy Davis Supplemental Declaration ¶ 8 (needing to find off-campus option when missing key card caused stress).

10. Have SAGA members reported bullying or stigmatization from using single-occupancy restrooms or multi-occupancy restrooms that do not align with their gender identity?

DEFENDANTS' RESPONSE:   There are no known instances when a SAGA member has reported to Boise High School that he or she has experienced stigmatization or has been bullied for using a single-occupancy restroom or a multi-occupancy restroom that does not align with his or her gender identity.

PLAINTIFF'S RESPONSE: Yes, as to stigmatization. Dkt 86-6, Jane Doe Declaration at ¶ 13; Jane Doe Supplemental Declaration at ¶ 8 (use of separate facilities is ostracizing).

11. Has the use of single-occupancy restrooms caused the involuntary disclosure of a SAGA member's transgender status?

DEFENDANTS' RESPONSE: Not that Defendants are aware of and, based on Plaintiff's Response below, not that any of the parties are aware of.

PLAINTIFF'S RESPONSE: SAGA does not know with certainty whether the use of single-occupancy restrooms has caused the involuntary disclosure of a member's transgender status. As Jane Doe explains, she expects disclosure would occur through rumors of which she may not be immediately aware. Jane Doe Supplemental

Declaration at ¶ 10. She does fear that use of the single-user restroom has increased knowledge or suspicion of her status against her wishes. *Id.* at ¶¶ 8, 10 (describing incidents that have increased fear of outing).

12. Have SAGA members opted to use multi-occupancy restrooms that do not align with their gender identity, rather than the single-occupancy restrooms?

RESPONSE: There are no known instances when a SAGA member has opted to use a multi-occupancy restroom that does not align with his or her gender identity rather than a single-occupancy restroom as a result of S.B. 1100.

DATED: November 25, 2025

STATE OF IDAHO
OFFICE OF THE ATTORNEY GENERAL

/s/ *David J. Myers*
DAVID J. MYERS
Deputy Attorney General

*Attorney for Defendants*

DATED: November 25, 2025

LAMBDA LEGAL DEFENSE & EDUCATION FUND

/s/ *Kell Olson*
KELL OLSON

*Attorney for Plaintiff*

CERTIFICATE OF SERVICE

I HEREBY CERTIFY THAT on November 25, 2025, the foregoing was electronically filed with the Clerk of the Court using the CM/ECF system which sent a Notice of Electronic Filing to the following persons:

Samuel L. Linnet
sam@alturaslawgroup.com

Peter C. Renn*
prenn@lambdalegal.org

Kell L. Olson*
kolson@lambdalegal.org

Tara L. Borelli
tborelli@lambdalegal.org

Pelecanos*
belecanos@lambdalegal.org

*Attorney for Plaintiff*

Katherine M. Forster*
katherine.forster@mto.com

Paul E. Martin*
paul.martin@mto.com

Abigail K. Bessler*
abigail.bessler@mto.com

Elizabeth Anastasi*
elizabeth.anastasi@mto.com

J. Max Rosen*
max.rosen@mto.com

*Admitted pro hac vice or forthcoming*

/s/ *David J. Myers*
David J. Myers

JOINT PROPOSED FINDINGS OF FACT [DKT. 118]—9